IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2003

## DOCK WALKER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
**No. 75148      Ray L. Jenkins, Judge**

---

**No. E2002-02162-CCA-R3-PC**
**April 28, 2003**

---

Dock Walker appeals from the Knox County Criminal Court's dismissal of his petition for post-conviction relief. He claims that the court should not have dismissed the petition without appointing counsel and affording him the opportunity to amend the petition. He also claims that based upon due process principles, his petition should not be barred by the statute of limitations. Because the lower court properly discerned that the petitioner had not presented a timely claim for relief, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Dock Walker, Appellant, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the Appellee, State of Tennessee.

## OPINION

In 1983, the petitioner and two codefendants, all three inmates at Brushy Mountain State Prison, were convicted of assault with intent to commit first degree murder of fellow inmate James Earl Ray. *State v. Dock Walker*, No. 950, slip op. at 2 (Tenn. Crim. App., Knoxville, June 1, 1984). The conviction was affirmed on direct appeal to this court. *Id.*, slip op. at 4. Some nine years later, the petitioner filed a petition for post-conviction relief, which the Knox County Criminal Court and this court held was untimely. *Dock Walker v. State*, No. 03C01-9403-CR-00115 (Tenn. Crim. App., Knoxville, Dec. 8, 1994).

The petitioner filed the present petition for post-conviction relief in 2002. When the Knox County Criminal Court undertook its preliminary review, it determined that the petition was untimely. Accordingly, it dismissed the petition. The petitioner then filed this appeal, in which he alleges that the lower court erred in dismissing the petition without appointing counsel and allowing

amendment of the petition, that various substantive constitutional claims support his bid for post-conviction relief, and that due process requires tolling of the statute of limitations. The petitioner's bid for post-conviction relief is barred for procedural reasons, which we shall discuss below.

The Post-Conviction Procedure Act contains a one-year statute of limitations. *See* Tenn. Code Ann. § 40-30-202(a) (1997). The language and tenor of the Act are quite clear -- exceptions are disfavored and few. *See id.* § 40-30-202(a), (b) (1997). The Tennessee Supreme Court has held that the statute of limitations provision of the Act is to be strictly construed, subject only to the specifically enumerated exceptions contained in the Act and to those rare situations in which application of the statute of limitations would offend constitutional due process principles. *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000).

The Act likewise requires that a petition "shall include all claims known to the petitioner for granting post conviction relief" and "shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding." Tenn. Code. Ann. § 40-30-204(d), (e) (1997).

The post-conviction statute requires that the judge to which the petition is assigned shall conduct a preliminary examination of the original petition, along with certain related documents. *Id*. § 40-30-206(a) (1997). Upon this examination, if it "plainly appears" that the petition was not filed in a timely manner, the judge "shall" dismiss the petition. *Id*. § 40-30-206(b) (1997). The petitioner bears the burden of fully disclosing the factual basis for his claims, and failure to do so "shall" result in dismissal. *Id*. § 40-30-206(d) (1997).

Without a doubt, the petition in this case was filed outside the statutorily prescribed one-year limitations period. *See* Tenn. Code Ann. § 40-30-202(a) (1997). Moreover, the petition, on its face, does not allege any basis for excusing the untimely filing. Absent any allegation of facts which would present a colorable claim for avoiding the statute of limitations bar, the petition was properly dismissed. *See State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001); *Sidney McGlowan v. State*, No. W2000-01925-CCA-R3-CD, slip op. at 4 (Tenn. Crim. App., Jackson, Nov. 29, 2001).

The petitioner has made a belated attempt to save his petition by contending for the first time in this proceeding that the statute of limitations should not bar his claim because he was deprived of the opportunity to raise certain claims when the attorney who represented him in his direct appeal, which was adjudicated in 1984, failed to advise the petitioner until 1987 that he was withdrawing from his case and that the petitioner had the opportunity to pursue *pro se* post-conviction relief. However, the petitioner's efforts come too late to save his petition from dismissal. The statute requires that such allegations be made in the petition. Tenn. Code Ann. § 40-30-206 (1997); *Nix*, 40 S.W.3d at 464.

We affirm the lower court's order dismissing the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE