IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 23, 2003

## ROGER L. SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Greene County**
**No. 02CR191     James E. Beckner, Judge**

---

**No. E2003-00094-CCA-R3-PC**
**October 16, 2003**

---

The Defendant, Roger L. Smith, pled guilty to three counts of child rape in 1998. He subsequently filed for post-conviction relief and for DNA testing. The trial court summarily dismissed the post-conviction petition on the grounds that it is time-barred. The trial court further summarily denied the Defendant's request for DNA testing. The Defendant now appeals. We affirm the judgment of the trial court dismissing the Defendant's claim for post-conviction relief, but reverse and remand for further proceedings the trial court's dismissal of the Defendant's request for DNA testing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part;
Reversed in Part; Remanded**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Roger L. Smith, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Eric D. Christiansen, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Defendant, Roger L. Smith, pled guilty in 1998 to three counts of child rape. He received an effective sentence of fifteen years in the Department of Correction. In October 2002, the Defendant filed a <u>pro</u> <u>se</u> petition for post-conviction relief, alleging that his guilty plea was not voluntary and knowing, and that he received the ineffective assistance of counsel in conjunction with his plea. The Defendant further alleged that he "was mentally incompetent and handicapped during the time period for filing a post-conviction petition." Finally, the Defendant included within his petition a request that DNA testing be performed pursuant to Tennessee Code Annotated section 40-30-401 et seq.

The trial court summarily dismissed the Defendant's claims for relief. The court stated that the Defendant had presented "no evidence of his decreased mental capacity except for his bare allegation of it" and that his petition for post-conviction relief was therefore time-barred. With respect to the Defendant's request for DNA testing, the trial court stated only that "[a] post-conviction petition cannot be employed to investigate in order to try to obtain evidence that might or might not exist." The Defendant now contends that the trial court erred in summarily dismissing his claims for relief.

We will first address the Defendant's petition for post-conviction relief. Claims for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-202(a). The Defendant contends that the statute of limitations should be tolled because of his alleged "mental retardation and incompetence."

In Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000), our supreme court acknowledged that due process considerations require that the post-conviction statute of limitations be tolled during periods of mental incompetency. However, the level of mental incompetency required for tolling purposes is that the petitioner be "unable either to manage his personal affairs or to understand his legal rights and liabilities." State v. Nix, 40 S.W.3d 459, 463 (Tenn. 2001). Moreover,

> to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal[.] The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities. . . . Unless this burden is satisfied, the petition should be dismissed as time-barred.

Id. at 464-65 (citations omitted).

In support of his claim of mental incompetence, the Defendant alleged in his petition that he is "100% illiterate," suffers from "severe mental retardation," and was "incompetent to stand trial as a sane adult." No supporting documentation of these allegations was offered. Under the Nix decision, the Defendant failed to establish a prima facie case for the tolling of the statute of

limitations on grounds of mental incompetence, and the trial court was therefore correct in dismissing the petition as time-barred. This issue has no merit.

The Defendant also petitioned for DNA testing pursuant to the Post-Conviction DNA Analysis Act of 2001. See Tenn. Code Ann. § 40-30-401 et seq. (Supp. 2002). Pursuant to this Act, a person convicted of rape of a child

> may at any time, file a petition requesting the forensic DNA analysis of any evidence that is in the possession or control of the prosecution, law enforcement, laboratory, or court, and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence.

Id. § 40-30-403 (Supp. 2002) (emphasis added). An order of DNA analysis is thereupon required if the trial court finds that

> (1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;
> (2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;
> (3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and
> (4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Id. § 40-30-404 (Supp. 2002).

In his petition, the Defendant asserts that he is "[r]equesting DNA testing of biological evidence in alleged victim's Rape Exam to prove Petitioner's innocence." He further asserts that his "innocence of the crime of Child Rape can be proven by performing DNA testing on the biological evidence in State custody: namely: the medical examination and Rape Kit performed on the alleged victims. This will prove that Petitioner did not sexually assault the alleged victims." The Defendant alleges that he "is entitled to DNA testing of the above described evidence to prove his actual innocence of the crime of Child Rape."

In response to the Defendant's pleadings, the State filed a motion to dismiss. The motion makes no reference whatsoever to the Defendant's request for DNA testing. The trial court's response to the Defendant's request is set forth above, to wit: "[a] post-conviction petition cannot be employed to investigate in order to try to obtain evidence that might or might not exist." Thus, the trial court made no findings of fact about the Defendant's request for DNA analysis. It made no findings with respect to whether the criteria necessary for an order of DNA analysis were present. The trial court did not even require the State to respond to the Defendant's request. In this, the trial court erred.

This Court has previously stated that, in proceedings such as this,

if the contents of a petition establish a prima facie case and, after any response by the state, the trial court determines all statutory prerequisites are present, a petitioner convicted of one of the statutorily enumerated crimes is entitled to DNA analysis. If the state contests the presence of any qualifying criteria and it is apparent that each prerequisite cannot be established, the trial court has the authority to dismiss the petition. Considerable latitude must be given to trial courts in gathering the necessary information for the decision.

William D. Buford v. State, No. M2002-02180-CCA-R3-PC, 2003 WL 1937110, at *6 (Tenn. Crim. App., Nashville, April 24, 2003) (citations omitted). See also Willie Tom Ensley v. State, No. M2002-01609-CCA-R3-PC, 2003 WL 1868647, at *4 (Tenn. Crim. App., Nashville, April 11, 2003) ("Because there was not sufficient evidence upon which to make a factual finding about the existence of the statutory criteria, and because the state failed to file a response denying that the petitioner was entitled to relief, the trial court, in our view, overstepped its discretionary authority by summarily dismissing the petition.") In this case, the Defendant set forth as many facts as are available to him in order to establish a prima facie case. He asserts that his innocence would be demonstrated through DNA analysis; claims that a rape kit was performed such that the necessary evidence is available for testing; and implies that the testing has not been previously performed. Given that the Defendant is proceeding pro se and from the confines of prison, we hold that the Defendant's petition is sufficient to trigger a response from the State and findings of fact from the trial court. If, upon the State's response and any further information that the trial court deems necessary, the trial court is satisfied that summary dismissal is appropriate, then the trial court may do so upon so finding.

The trial court's summary dismissal of the Defendant's claim for post-conviction relief on the basis that his guilty plea was invalid and based on the ineffective assistance of counsel, is affirmed. The trial court's summary dismissal of the Defendant's post-conviction request for DNA analysis is reversed and that matter is remanded for further proceedings consistent herewith.

_____
DAVID H. WELLES, JUDGE