IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 26, 2005

## KEVIN M. RADLEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2002-C-1417    Steve Dozier, Judge**

_____

**No. M2004-01816-CCA-R3-PC - Filed February 15, 2005**

_____

The Defendant, Kevin M. Radley, appeals from the summary dismissal of his petition seeking post-conviction relief. The trial court determined that the petition was time-barred and dismissed the petition without an evidentiary hearing. We affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Kevin M. Radley, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

According to the Defendant's petition and the record on appeal, the Defendant was convicted, upon his plea of guilty, of aggravated assault on September 12, 2002. According to his petition, he received a sentence of eight years in the Department of Correction. There was no appeal. On May 21, 2004, the Defendant filed a petition seeking post-conviction relief, alleging that he received the ineffective assistance of counsel and that he was mentally incompetent at the time of his guilty plea.

Alluding to the fact that his petition would appear to be barred by the one-year statute of limitations applicable to post-conviction petitions, the Defendant alleged that his petition should be treated as timely filed, because "due to Petitioner's diminished mental capacity, Petitioner could not

perfect an appeal on this issue." The Defendant also alleged "that he has substantial mental problems which would toll the Statutes of Limitations in this cause."

The trial court found that the petition was barred by the one-year statute of limitations. See Tenn. Code Ann. § 40-30-106(b). The court further found that the grounds for relief stated did not fall with any exception to the limitation period. The trial court noted that although the Defendant alleged that mental illness kept him from complying with the statute of limitations, "the petitioner has not presented any proof as to this matter." The trial court thus entered an order dismissing the petition as time-barred. It is from the order of dismissal that the Defendant appeals.

It is apparent that the post-conviction petition was filed beyond the one-year statute of limitations. Our supreme court has held that the application of the statute of limitations could violate due process if it denies a mentally incompetent petitioner a reasonable opportunity to seek relief in a meaningful time and in a meaningful manner. Seals v. State, 23 S.W. 3d 272, 279 (Tenn. 2000). The Court thus concluded that due process requires tolling of the statute of limitations during a period of mental incompetency. See id.

Our supreme court has subsequently emphasized that in order to rely on a tolling of the statute of limitations based on mental incompetency, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). "Failure to include sufficient factual allegations of either compliance with the statute or incompetence requiring tolling will result in dismissal." Id.

Our supreme court further stated as follows:
We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under [Tenn. Code § 40-30-106(b)&(f)].

Id.

The petition herein alleges that the Defendant has "diminished mental capacity" and "substantial mental problems." These unsupported, conclusory and general allegations of mental illness are not sufficient to toll of the statute of limitations or prevent summary dismissal of the petition as time-barred.

Accordingly, the judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

-2-