IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2008

## GREGORY MORROW v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 01-11992    James C. Beasley, Jr., Judge**

**No. W2007-01166-CCA-R3-PC  - Filed June 25, 2008**

The petitioner, Gregory Morrow, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief from his conviction of possession of 300 grams or more of cocaine with intent to sell and two counts of possession of marijuana and resulting fifteen-year sentence to the Department of Correction. He claims that he is entitled to post-conviction relief because he was denied the effective assistance of counsel at trial. We hold that his petition was not filed timely and is therefore barred by the one-year statute of limitations, and we vacate the judgment denying post-conviction relief and remand the case for entry of an order of dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment Vacated, Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ. joined.

Vicki M. Carriker, Memphis, Tennessee, for the appellant, Gregory Morrow.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; William L. Gibbons, District Attorney General; and Pamela Fleming, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

This court affirmed the petitioner's convictions on September 13, 2004. The Tennessee Supreme Court denied his application for permission to appeal on February 28, 2005. State v. Gregory Morrow, No. W2003-02401-CCA-R3-CD, Shelby County (Tenn. Crim. App. Sept. 13, 2004). The petitioner filed the present post-conviction action on March 22, 2006, having given the petition to prison authorities for mailing on March 15, 2006.

The state claims for the first time on appeal that this court does not have jurisdiction over this case because the petitioner filed his post-conviction petition outside the one-year statute of limitations provided in Tennessee Code Annotated section 40-30-202(a). The state contends that the one-year period for filing the petition began to run on February 28, 2005, when the supreme court

denied his application for permission to appeal. The petitioner has not responded to the state's claim.

Code section 40-30-102(a) is the controlling authority with regard to the statute of limitations for post-conviction petitions. It provides that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise.

The "one-year statutory period is an element of the right to file a post-conviction petition and . . . is not an affirmative defense that must be asserted by the State." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001); see Chesley Randell Thompson v. State, No. E2002-00580-CCA-R3-PC, Blount County (Tenn. Crim. App. June 3, 2003) (dismissing petitioner's post-conviction petition as untimely when statute of limitations issue raised for first time on appeal by the state), app. denied (Tenn. Oct. 6, 2003). If a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, a court may still consider it if (1) a new constitutional right has been recognized; (2) the petitioner's innocence has been established by new scientific evidence; or (3) a previous conviction that enhanced the petitioner's sentence has been held to be invalid. T.C.A. § 40-30-202(b)(1)-(3). A court may also consider an untimely petition for post-conviction relief if applying the statute of limitations would deny the petitioner due process. Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992); see, e.g., Seals v. State, 23 S.W.3d 272 (Tenn. 2000) (holding that due process mandates the tolling of the statute of limitations under the 1995 Sentencing Act during periods of a petitioner's mental incompetence).

Code section 40-30-102(a) specifically states that the one-year statute of limitations begins to run from "the date of the final action of the highest state appellate court to which an appeal is taken." Thus, the statute of limitations in the present case began to run on February 28, 2005, when the Tennessee Supreme Court denied the petitioner's application for permission to appeal. Because the petitioner filed his petition for post-conviction relief more than one year later, it was barred by the statute of limitations. Additionally, nothing in the record indicates that the petitioner's claim would satisfy any of the three exceptions to the post-conviction statute of limitations set forth in Code section 40-30-102(b). Further, nothing in the record indicates that due process requires tolling of the statute of limitations.

Because the petitioner's claim was not filed within the limitations period and there is no indication that any exception applies, this court is without jurisdiction to consider his appeal on its

merits.  <u>See</u> T.C.A. § 40-30-202(b).  In consideration of the foregoing, we vacate the judgment of the trial court and remand the case for entry of an order of dismissal.


 

 

 

_____
JOSEPH M. TIPTON, PRESIDING JUDGE