# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### RACHEL DIDENA SUMMERS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-56577    Don R. Ash, Judge**

---

**No. M2008-00728-CCA-R3-PC - Filed August 29, 2008**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Petitioner has appealed the trial court's order dismissing the petition for post-conviction relief. Upon review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for post-conviction relief and that this case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Rachel Didena Summers, Pro Se, Nashville,Tennessee.

Robert E. Cooper Jr., Attorney General & Reporter; Lacy Elaine Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On July 11, 2005, Petitioner pled guilty to first degree murder for the death of her seven-year-old son and was sentenced to life without parole. On October 16, 2007, Petitioner filed a pro se petition for post-conviction relief. In that petition, Petitioner argued that the one-year statute of limitations should be tolled because her co-defendant husband's sentencing occurred almost two years after her sentencing and that she was mentally unstable so as to render her unable to file a petition for post-conviction relief. On October 24, 2007, the post-conviction court summarily dismissed the petition because it was time-barred. The trial court held that Petitioner did not show that the statute of limitations should be tolled due to her mental incompetence pursuant to *State v.*

*Nix*, 40 S.W.3d 459 (Tenn. 2001), and that her husband's later conviction and sentencing had no bearing on the tolling of the statute.

**Analysis**

Under the Post-Conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-202(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-202(b). In the present case, the post-conviction petition was filed outside the statute of limitations, and the trial court properly held that Petitioner failed to show that one of the exceptions listed in the statute was applicable.

Since July 1, 1995, the statute of limitations for filing a petition for post-conviction relief has been one year from the date on which the judgment of conviction became final in cases where no appeal is taken. T.C.A. § 40-30-202(a). There are three statutory exceptions to the statute of limitations in post-conviction matters. These exceptions are set forth in Tennessee Code Annotated section 40-30-202(b)(1), (2) & (3): (1) claims based on an appellate court ruling concerning a constitutional right not recognized at the time of the trial and given retroactive effect by the appellate courts; (2) claims based upon newly-discovered evidence which establishes that the petitioner is actually innocent of the crime; and (3) claims which arise out of a situation where the petitioner received an enhanced sentence for a crime based on previous convictions which were later held to be invalid. Petitioner did not argue that her situation fell within one of the above enumerated exceptions. She instead argued that she was so mentally unstable that she was unable to launch an appeal and that the later sentencing of her co-defendant affected her due process rights.

We have found no authority to toll the statute of limitations due to a co-defendant's sentencing at a later date nor has Petitioner cited to any. Therefore, we address the issue of Petitioner's potential mental instability to toll the statute. In *Nix*, our supreme court stated that due process considerations may require that tolling of the statute of limitations if a petitioner demonstrates "that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." 40 S.W.3d at 463. The court went on to state that a petitioner must include sufficient factual allegations to support his claim of incompetency. *Id.* at 464. To make a prima facie showing so that the statute of limitations may be tolled, "a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f)." *Id.*

In the case sub judice, Petitioner attached the discharge summary dated February 2, 2004, upon her discharge from the hospital following her suicide attempt in connection with the murder of her seven-year-old son. In the mental status examination portion of this document it states that the patient is not confused and is oriented to the four spheres, but she is depressed. This section also

states that her thinking is organized. Petitioner also attached a second discharge summary dated October 5, 2004. The mental examination portion of this document states that Petitioner was alert and oriented, her thought process was linear and her thought content "denies auditory/visual hallucinations." This section stated that Petitioner was depressed.

We agree with the post-conviction court that this documentation is insufficient to meet the requirements set out in *Nix*. These documents at most would constitute unsupported, conclusory, or general allegations of mental illness, specifically depression, which *Nix* specifically stated was insufficient. *Id.* Moreover, the documents tend to establish that Petitioner, despite depression, was competent to understand and manage her affairs. Finally, we point out that the dates of the writing of these documents is before Petitioner pled guilty to the offense for which she is now incarcerated. The relevancy of these documents to any diagnosis concerning her mental abilities during the applicable statute of limitations period is questionable at best when the documents are not from the year between her conviction and when the statute of limitations had run.

### Conclusion

The trial court was correct in dismissing the petition for post-conviction relief. The petition was filed outside the statute of limitations, and the petitioner has not shown sufficient reason to toll the statute. Rule 20 of the Rules of the Court of Criminal Appeals provides:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>
> > (1)(a) The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the findings of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20, and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE

-3-