# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 3, 2001 Session

## STATE OF TENNESSEE v. SCOTT HOUSTON NIX

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Knox County**
**No. 67,069 Ray Jenkins, Judge**

---

### No. E1999-02715-SC-R11-PC - Filed February 20, 2001

---

### AND

## STATE OF TENNESSEE v. RALPH DEAN PURKEY

**Appeal by permission from the Court of Criminal Appeals**
**Criminal Court for Cocke County**
**No. 25,376 Rex H. Ogle, Judge**

---

### No. E1999-01864-SC-R11-CD - Filed February 20, 2001

---

We granted permission to appeal to consider an issue of first impression: what is the standard of mental incompetence that a petitioner must satisfy before due process requires tolling of the post-conviction statute of limitations. We agree with the Court of Criminal Appeals that due process requires tolling of the statute of limitations only if a petitioner is unable either to manage his or her own personal affairs or to understand his or her legal rights and liabilities. We also agree with the intermediate appellate court that, taken as true, the allegations of these petitions are insufficient to make a prima facie showing of incompetency. Accordingly, we affirm the judgments of the Court of Criminal Appeals which upheld the trial court judgments that dismissed these petitions as time-barred by the statute of limitations.

**Tenn. R. App. P. 11; Judgments of the Court of Criminal Appeals Affirmed**

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH, JR., JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined.

Mark A. Brown, Knoxville, Tennessee, for the appellants, Scott Houston Nix and Ralph Dean Purkey.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Jennifer L. Smith, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

## OPINION
### I. Background
#### A. Scott Houston Nix

Scott Houston Nix was convicted of attempted first degree murder, especially aggravated robbery and aggravated robbery on November 19, 1993. The Court of Criminal Appeals affirmed Nix's convictions on November 21, 1995, and this Court denied his application for permission to appeal on May 6, 1996. Accordingly, the post-conviction statute of limitations expired one year after this Court's denial of the application.[1]

More than one year after its expiration, on December 18, 1998, a "next friend" petition for post-conviction relief was filed on behalf of Nix. Citing this Court's decision in Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), in which we held that due process requires tolling of the statue during mental incompetence, the petition alleged that the action was not barred by expiration of the one-year statute of limitations because Nix had "never been and is not currently competent." The trial court disagreed and summarily dismissed the petition as time-barred. Nix appealed the dismissal.

#### B. Ralph Dean Purkey

On September 26, 1986, Ralph Dean Purkey was convicted of grand larceny, concealing stolen property, and of being a habitual criminal. Purkey's motion for new trial was dismissed on October 31, 1986, and no appeal was taken. Therefore, the post-conviction statute of limitations in effect at that time expired three years after Purkey's motion for new trial was dismissed.[2] Thereafter, Purkey filed several petitions for habeas corpus and post-conviction relief, but each of these actions was dismissed as untimely.

The "next friend" petition giving rise to this appeal was filed on behalf of Purkey on November 10, 1998, more than eleven years after Purkey's conviction had become final and almost nine years after expiration of the applicable statute of limitations. Also relying upon Watkins, the "next friend" petition asserted that the action should not be dismissed as time-barred because Purkey had "never been and is not currently competent." The trial court summarily dismissed the petition

---

[1] Tenn. Code Ann. § 40-30-202(a).

[2] See Tenn. Code Ann. § 40-30-102 (1982 Repl.) (effective July 1, 1986) (replaced by the one-year statute of limitations July 1, 1995).

as untimely and noted that Purkey previously had filed three petitions for post-conviction relief. Purkey appealed the trial court's decision.

### C. Court of Criminal Appeals

In separate decisions, the Court of Criminal Appeals affirmed the judgments of the trial courts in these cases. While recognizing that under this Court's decision in Watkins, due process requires tolling of the post-conviction statute of limitations during incompetency, the Court of Criminal Appeals nevertheless concluded that the trial courts appropriately dismissed each of these petitions because, taken as true, the allegations were not sufficient to make a prima facie showing that each of these petitioners had been incompetent, i.e., "unable to manage his personal affairs or estate, or to comprehend his legal rights or liabilities."

Thereafter, Nix filed a pro se application for permission to appeal to this Court, and a "next friend" application for permission to appeal was filed in this Court on behalf of Purkey by a fellow prison inmate. We granted the applications, appointed counsel,[3] and consolidated the cases to consider a single issue: what standard of mental incompetence must a petitioner satisfy before due process requires tolling of the post-conviction statute of limitations. We conclude that the Court of Criminal Appeals correctly held that due process requires tolling only if a petitioner makes a prima facie showing that he is unable either to manage his personal affairs or to understand his legal rights or liabilities. We agree with the intermediate appellate court that the allegations of these petitions are insufficient to satisfy this prima facie showing. Accordingly, we affirm the judgments of the Court of Criminal Appeals.

### II. Analysis

Recently, in Seals v. State, 23 S.W.3d 272 (Tenn. 2000), this Court considered the constitutionality of the one-year statute of limitations enacted as part of the Post-Conviction Procedure Act of 1995. While rejecting a facial challenge to the constitutionality of the statute, we concluded that its application may violate due process if it denies a mentally incompetent petitioners a reasonable opportunity to raise a claim in a meaningful time and in a meaningful manner. As a result, we concluded that due process requires tolling of the statute of limitations during the period of mental incompetency. Id. at 279. In so holding, we reaffirmed our earlier decision in Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), in which we stated:

> because a petitioner who was incompetent throughout the limitations period would be denied the opportunity to challenge his conviction in a meaningful manner, the failure to toll the limitations period would deny such a petitioner a fair and reasonable opportunity for the bringing of the [post-conviction] petition, and thus, would violate due process.

---

[3]On July 20, 2000, this Court appointed Mark Antione Brown to represent both Nix and Purkey in this appeal. The Court appreciates Mr. Brown's willingness to accept this appointment and the excellent representation he has provided the petitioners.

Id. at 307. Although the prior three-year statute of limitations was at issue in Watkins, we emphasized in Seals that the constitutional due process concerns discussed in Watkins apply with equal force to the current one-year statute of limitations, despite the statutory anti-tolling provisions that the General Assembly included in the 1995 Post-Conviction Procedure Act. See Seals, 23 S.W.3d at 279.

One issue that was not resolved by either Watkins or Seals, however, is what standard of mental incompetence must a petitioner satisfy before due process requires tolling of the post-conviction statute of limitations. Nix and Purkey argue that due process requires tolling whenever a petitioner shows "a psychological problem that contributes to his inability to comprehend his rights and responsibilities relative to the 1995 Post-Conviction Relief Act." In contrast, the State argues that the Court of Criminal Appeals correctly held that due process requires tolling only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities. We agree.

While post-conviction proceedings are considered "criminal" in nature for some purposes,[4] this Court in Watkins held that, with respect to statute of limitations issues, a post-conviction proceeding is civil in nature. 903 S.W.2d at 305. The civil standard of competency is well-established and originated in Porter v. Porter, 22 Tenn. (3 Hum.) 586, 589 (1842), in which this Court held that a person is of "unsound mind" if the person is "incapable of attending to any business, or of taking care of herself." Id. The Porter formulation remains generally consistent with the common understanding of "unsound mind," and is consistent with the decisions of other jurisdictions discussing incompetency for purposes of tolling statutes of limitations. See Doe v. Coffee County Bd. of Educ., 853 S.W.2d 899 (Tenn. Ct. App. 1992) (citing cases from other jurisdictions); see also C.S. Patrinelis, Annotation, Proof of Unadjudged Incompetency Which Prevents Running of Statute of Limitations, 9 A.L.R.2d 964 (1950). Accordingly, we hold that due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities.

In so holding, we reject the petitioners' implicit contention that due process requires tolling for incompetency upon the mere assertion of a psychological problem. As the Court of Criminal Appeals recognized, mental illness is not the equivalent of mental incompetence. See also Coe v. State, 17 S.W.3d 193, 221 (Tenn. 2000) ("[T]he existence of a mental disorder does not automatically translate into a finding of incompetency to be executed."); Seaton v. Seaton, 971 F.Supp. 1188, 1195 (E.D. Tenn. 1997) ("[W]hile the evaluation alludes to plaintiff's mental health, it in no way states that she was so incompetent as to be unaware of the injuries she allegedly sustained through her husband's actions.").

We also reject the petitioners' claim that the civil standard of competency does not satisfy constitutional due process. As we have often emphasized, "[d]ue process is flexible and calls for

---

[4] State v. Scales, 767 S.W.2d 157 (Tenn. 1989) (holding that post-conviction cases are criminal in nature for purposes of the timeliness of a notice of appeal).

such procedural protections as the particular situation demands." <u>Seals</u>, 23 S.W.3d at 277(citations and quotations omitted). A petitioner has no fundamental right to collaterally attack a conviction, and due process requires only that a petitioner be provided an opportunity for the presentation of the claim at a meaningful time and in a meaningful manner. <u>Id</u>. at 278. The competency standard applied in civil cases in Tennessee satisfies the due process concerns associated with tolling of the post-conviction statute of limitations. Having concluded that the civil standard of competency applies when determining whether due process requires tolling of the post-conviction statute of limitations, we must next determine whether the trial court and intermediate appellate court correctly found the allegations of these petitions insufficient to make a prima facie showing under that standard.

As the State points out, Tenn. Code Ann. § 40-30-202(a) declares that the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State. Therefore, it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period. <u>See</u> Tenn. Code Ann. § 40-30-204(e) ("The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition . . . ."). Failure to include sufficient factual allegations of either compliance with the statute or incompetence requiring tolling will result in dismissal. <u>See</u> Tenn. Code Ann. 40-30-206(b) ("If it plainly appears from the face of the petition, any annexed exhibits or prior proceedings in the case that the petition was not filed . . .within the time set forth in the statute of limitations, . . . the trial judge shall enter an order dismissing the petition."); Tenn. Code Ann. § 40-30-206(f) ("If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed."). We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 49-30-206(b) & (f). <u>Cf. Van Tran v. State</u>, 6 S.W.3d 257, 268 (Tenn. 1999) (holding that unsupported assertions of incompetency to be executed are not sufficient to meet the required threshold showing); <u>State v. Barnett</u>, 909 S.W.2d 423, 431 (Tenn. 1995) (holding that unsupported assertions that expert services are needed are insufficient to entitle a defendant to a hearing). The required prima facie showing may be satisfied by attaching to the petition affidavits, depositions, medical reports, or other credible evidence that contain specific factual allegations showing the petitioner's incompetence. <u>See</u> Tenn. Code Ann. § 40-30-204(e) ("Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it."). <u>Cf. Van Tran</u>, 6 S.W.3d at 269 (holding that the required threshold showing to establish a genuine disputed issue regarding a prisoner's competency to be executed may be met by submitting affidavits, depositions, medical reports, or other credible evidence). While affidavits and depositions of mental health professionals may be utilized, they are not essential, and a petitioner may rely upon affidavits and depositions from family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities. Even if a petitioner satisfies the prima facie showing, at the hearing the petitioner bears the burden of proving by clear

and convincing evidence that the statute of limitations should be tolled for incompetence, and that as a result of the tolling, the petition is timely. See Tenn. Code Ann. § 40-30-210(f) ("The petitioner shall have the burden of proving the allegations of fact by clear and convincing evidence."). Unless this burden is satisfied, the petition should be dismissed as time-barred.

### III. Conclusion

Evaluating the allegations in these petitions against the applicable standard of competency, we agree with the Court of Criminal Appeals that the trial court properly dismissed the petitions. While both Nix and Purkey assert that they have never been and are not currently competent, there are no specific factual allegations in the petitions that support this assertion. Nix's petition alleges that he is incompetent because he suffers mood disorders, depression, schizophrenia, insomnia, and alcoholism. Purkey's petition alleges that he is incompetent because he has radical mood swings, extreme depression, loss of memory, poor judgment, and difficulty with thinking abstractly. None of these allegations indicates that either Nix or Purkey is incapable of handling his personal affairs or incapable of understanding his legal rights and liabilities. As previously stated, even when proven, mental illness does not equate with incompetency. Accordingly, we affirm the judgments of the Court of Criminal Appeals which upheld the trial court judgments dismissing these petitions as time-barred.[5]

It appearing that the petitioners are indigent, costs of these appeals are taxed to the State of Tennessee for which execution may issue if necessary.

_____
FRANK F. DROWOTA, III, JUSTICE

---

[5] We acknowledge that the petitioners in Seals v. State, 23 S.W.3d 272 (Tenn. 2000) were afforded a remand even though their non-specific allegations would have been insufficient to satisfy the standard adopted herein. However, the only issue raised in Seals was whether mental incompetence could ever toll the post-conviction statute of limitations. The appropriate standard of mental incompetence was not raised, argued, or briefed by the parties.