Korrynne L. SMITH, Plaintiff–Appellant,

v.

Lenita H. THIBAULT, Dr.; H. Thomas Brock, Dr., Defendants–Appellees.

No. 03–5907.

United States Court of Appeals, Sixth Circuit.

Aug. 17, 2004.

Thomas C. Jessee, Jessee & Jessee, Johnson City, TN, for Plaintiff–Appellant.

Russell W. Adkins, Wilson, Worley, Gamble & Ward, Kingsport, TN, Charles T. Herndon, IV, Bradley E. Griffith, James E. Brading, II, Herndon, Coleman, Brading & McKee, Johnson City, TN, for Defendants–Appellees.

Before: NELSON, SILER, and BATCHELDER, Circuit Judges.

## ORDER

Korrynne L. Smith, a Virginia resident, appeals a summary judgment for the defendants in a diversity action based on alleged medical malpractice. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Smith sought $350,000 in compensatory damages in this action, alleging that Lenita H. Thibault and H. Thomas Brock, two Tennessee doctors who treated Smith at a Tennessee hospital in 1996, had committed medical malpractice and were liable for her bowel perforation that occurred during a laparoscopy. Dr. Thibault, a specialist in obstetrics and gynecology, performed the laparoscopy. Dr. Brock, a general surgeon, was consulted after Dr. Thibault considered the possibility of a bowel perforation. Smith filed her initial suit in state court on July 21, 1997, one year and twelve days after Dr. Thibault's laparoscopy. The federal complaint was filed on October 2, 2002.

The defendants filed motions for summary judgment. Each motion for summary judgment asserted that the undisputed material facts reveal (1) that the defendant was not guilty of any medical malpractice; and (2) that the one-year statute of limitations applicable to medical malpractice suits barred Smith's suit. The parties agreed to have the case referred to the magistrate judge for resolution on the merits pursuant to 28 U.S.C. § 636(c)(1). On June 13, 2003, the magistrate judge granted the defendants' motions after concluding that the complaint was time-barred by Tenn.Code Ann. § 29–26–116(a). The magistrate judge denied the defendants' motions for summary judgment insofar as they addressed the issue of the standard of care. This appeal followed.

Upon review, we conclude that the summary judgment for the defendants was proper because the pleadings, depositions, and affidavits of record show that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c). Even under her own testimony, Smith was

sufficiently lucid on the day after the laparoscopy that she knew, or should have known, that an injury had occurred. This knowledge imposed upon her a duty to inquire whether she was the victim of medical malpractice. Further, Smith's claim that she was mentally incompetent or insentient must be supported by evidence of some kind in addition to her own testimony, and this she did not have. See *State v. Nix*, 40 S.W.3d 459, 464 (Tenn.2001).

Accordingly, the district court's judgment should be, and hereby is, affirmed.