IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 29, 2005

## JAMES M. LOVEDAY v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Sevier County
No. 9091    Richard R. Vance, Judge**

_____

**No. E2005-00336-CCA-R3-PC - Filed August 31, 2005**

_____

The petitioner, James M. Loveday, appeals the dismissal of his petition for post-conviction relief, arguing that the post-conviction court erred in finding he received the effective assistance of trial counsel.  Because the record reveals that the petitioner filed his petition outside the one-year statue of limitations, we conclude that this case is not properly before this court.  Accordingly, we dismiss the appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

James R. Hickman, Jr., Sevierville, Tennessee, for the appellant, James M. Loveday.

Paul G. Summers, Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Al C. Schmutzer, Jr., District Attorney General; and Steven R. Hawkins, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

On May 5, 1999, the petitioner was convicted by a Sevier County Circuit Court jury of one count of attempted first degree murder, four counts of aggravated assault, and two counts of reckless endangerment.  The trial court sentenced him to consecutive terms of twenty-five years for the attempted first degree murder conviction, six years for each of the four aggravated assault convictions, and two years for each of the reckless endangerment convictions, for a total effective sentence of fifty-three years.  See State v. James M. Loveday, No. E1999-02072-CCA-R3-CD, 2001 WL 101804, at *1 (Tenn. Crim. App. Feb. 8, 2001), perm. to appeal denied (Tenn. June 25, 2001).  On direct appeal, this court affirmed the petitioner's convictions but reduced the lengths of the aggravated assault and reckless endangerment sentences, resulting in a total effective sentence of

forty-four years. Id. at *11. The petitioner incorrectly alleges that his application for permission to appeal was denied on July 12, 2002. In fact, it was denied on June 25, 2001.

On August 23, 2002, the petitioner filed a *pro se* petition for post-conviction relief in which he raised the claim of ineffective assistance of trial counsel. His main complaint was that trial counsel was deficient in his cross-examination techniques, thereby opening the door to testimony about the petitioner's prior bad acts and prejudicing the outcome of his trial. Post-conviction counsel was appointed, and an evidentiary hearing was held on March 31, 2004. At the conclusion of the hearing, the post-conviction court denied the petition for post-conviction relief, finding that the State had presented "overwhelming" evidence against the petitioner and that trial counsel was a "very experienced, qualified attorney" who had engaged in "vigorous cross-examinations of the State's witnesses." The post-conviction court's oral findings of fact and conclusions of law were subsequently transcribed and, on May 11, 2004, the court entered as a written order of dismissal. On June 14, 2004, the petitioner filed a notice of appeal to this court.

## ANALYSIS

The petitioner contends that the post-conviction court erred in finding he received the effective assistance of trial counsel. The State argues: the petition for post-conviction relief is barred by the one-year statute of limitations; the petitioner's appeal should be dismissed as untimely because it was filed more than thirty days beyond entry of the post-conviction court's order of dismissal; and the evidence supports the post-conviction court's finding that the petitioner received the effective assistance of trial counsel.

The State did not raise the statute of limitations as a defense in the post-conviction court. However, the statute of limitations for bringing a post-conviction petition is not an affirmative defense that must be asserted by the State in order to bar a petition for post-conviction relief. See State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). Under the Post-Conviction Procedure Act of 1995, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2003). The statute contains a specific anti-tolling provision, stating:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id. Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. Id. § 40-30-102(b).

None of the above narrow exceptions exists in this case. Moreover, as the State points out, the petitioner failed to allege or demonstrate the existence of any factors, such as mental incompetence during the relevant period, under which due process considerations would require that the statute of limitations be tolled. See, e.g., Nix, 40 S.W.3d at 459 ("We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities."). We, therefore, agree with the State that the petition is barred by the one-year statute of limitations.

## CONCLUSION

Because the petitioner filed his petition outside the one-year limitations period and has not alleged any facts to show that due process requires that the statute of limitations be tolled, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE

-3-