IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 29, 2006

## JAMES BRIAN STEVENS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Bedford County**
**No. 10675     Lee Russell, Judge**

_____

**No. M2006-00696-CCA-R3-PC - Filed December 29, 2006**

_____

The *pro se* petitioner, James Brian Stevens, appeals the summary dismissal of his petition for post-conviction relief, arguing that the statute of limitations should have been tolled during the time that he spent on probation. Following our review, we affirm the dismissal of the petition as time-barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and D. KELLY THOMAS, JR., JJ., joined.

James Brian Stevens, Northeast Correctional Complex, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia Lee, Assistant Attorney General; William M. McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On April 3, 2003, the petitioner pled guilty in the Bedford County Circuit Court to felony evading arrest and reckless endangerment with a deadly weapon. At the conclusion of a June 5, 2003, sentencing hearing, the trial court sentenced him as a Range I, standard offender to concurrent terms of four years for the evading arrest conviction and two years for the reckless endangerment conviction, with ninety days to be served in jail and the balance of the time on supervised probation. On February 6, 2006, the petitioner filed a *pro se* petition for post-conviction relief in which he alleged that he received ineffective assistance of counsel, his guilty pleas were unknowing and involuntary, and illegal evidence was used to secure his convictions. The petitioner argued that the trial court's February 3, 2005, revocation of his probation for his "dirty drug screen" should result in the tolling of the statute of limitations during the time he had spent on probation. On February 9, 2006, the post-conviction court entered an order dismissing the petition on the basis that it was

untimely filed and the petitioner had not set out any "recognized exception that would toll the statute of limitations." On March 24, 2006, the petitioner filed a notice of appeal in this court.

## ANALYSIS

The petitioner argues that his post-conviction petition was timely, as he filed it within one year of the trial court's revocation of his probation. He apparently believes that, because service of his sentence was suspended while he was on probation, his judgment did not become final until the trial court revoked his probation and reinstated his sentence. The State argues that the post-conviction court properly dismissed the petition on the basis that it was filed outside the applicable one-year statute of limitations. We agree with the State.

Under the Post-Conviction Procedure Act of 1995, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2003). The statute contains a specific anti-tolling provision, stating:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id. Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. Id. § 40-30-102(b).

None of the above narrow exceptions exists in this case. Moreover, the petitioner failed to allege or demonstrate the existence of any factors, such as mental incompetence during the relevant period, under which due process considerations would require that the statute of limitations be tolled. See, e.g., State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001) ("We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities."). Since no direct appeal was filed in this case, the judgment became final on June 5, 2003, the date the judgments were entered by the trial court. Thus, the statute of limitations for filing a post-conviction petition expired on June 5, 2004. The

petitioner is simply mistaken in his assertion that the judgment did not become final until the trial court revoked his probation.  We, therefore, agree with the State that the petition is barred by the one-year statute of limitations.

## **CONCLUSION**

We conclude that the petition for post-conviction relief was filed outside the one-year statute of limitations and that the petitioner has not shown any facts which would require that the statute of limitations be tolled.  Accordingly, we affirm the dismissal of the petition as time-barred.

_____

ALAN E. GLENN, JUDGE
