# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## DE'ANDRE KENDALL v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court for Shelby County
### No. 03-00714    John P. Colton, Judge

---

### No. W2007-02828-CCA-R3-PC  - Filed May 21, 2009

---

The Petitioner, De'Andre Kendall, appeals the trial court's denial of his petition for post-conviction relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petition for post-conviction relief fails as it is barred by the statute of limitations. Accordingly, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Juni Samrat Ganguli, Memphis, Tennessee, for the appellant De'Andre Kendall.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Lacy Elaine Wilber, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On February 11, 2004, the Petitioner De'Andre Kendall entered a guilty plea to one count of second degree murder. For this offense, the Petitioner received a sentence of thirty years in the Tennessee Department of Correction. The Petitioner did not appeal the sentence.

On January 25, 2007, the Petitioner filed a petition for post-conviction relief in the Shelby County Criminal Court. As grounds for relief, the Petitioner alleged that his guilty plea was involuntary, his trial counsel was ineffective, and his confession was illegal. The trial court appointed counsel to represent the Petitioner. By order entered July 18, 2007, the lower court

1

dismissed the petition as barred by the statute of limitations. The Petitioner, proceeding *pro se*, timely filed a notice of appeal document on August 1, 2007.

On April 18, 2008, the Petitioner filed *pro se* an initial brief with this Court. In his brief, the Petitioner alleged that the statute of limitations barring his request for post-conviction relief should be tolled based upon the fact that until May 2006 he was held at a juvenile facility without access to legal materials and the court. In lieu of a responsive brief, the State filed a motion requesting that this Court affirm the lower court's denial of post-conviction relief pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. As basis for its motion, the State asserted that the petition is time-barred. The State further argued that the Petitioner's claims do not satisfy the statutory exceptions to the timely filing requirement.

Upon initial review of the record, this Court acknowledged that the Petitioner was represented by counsel at the trial level and that the record failed to reflect that counsel was granted permission to withdraw from further representation of the Petitioner. See De'Andre Kendall v. State, No. W2007-02828-CCA-R3-CD (Tenn. Crim. App., at Jackson, Sept. 10, 2008) (*order*). Additionally, this Court recognized that "[w]hen a petitioner is indigent, he is entitled to an attorney during the course of an appeal of an order denying post-conviction relief." Id. Accordingly, this Court entered an order reminding appointed counsel of his continuing duty of representation and reserved ruling on the State's motion for affirmance pending the filing by counsel of an initial brief on behalf of the Petitioner. Id. On December 3, 2008, counsel for the Petitioner filed a motion requesting that he be permitted to withdraw from further representation of the Petitioner. Upon good cause shown, this Court granted the motion and remanded the matter to the trial court for appointment of substitute counsel. See De'Andre Kendall v. State, No. W2007-02828-CCA-R3-CD (Tenn. Crim. App., at Jackson, Dec. 10, 2008) (*order*). On January 21, 2009, substitute counsel filed an initial brief on behalf of the Petitioner. In his brief, the Petitioner asserted that, although the denial of access to the courts is not an enumerated exception for tolling the statute of limitations in a post-conviction proceeding, this Court should find that the failure of the prison system to provide assistance to juvenile inmates in the preparation and filing of legal papers and that the failure of the prison system to provide juvenile prisoners with adequate law libraries does toll the limitations period in a post-conviction proceeding. The State of Tennessee rested on its previous motion for affirmance pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T.C.A.§ 40-30-102(a).

The Petitioner's conviction in this case became final on March 14, 2005. Thus, the Petitioner had until March 14, 2006, in which to file a petition for post-conviction relief. The Petitioner did not seek post-conviction relief until January 25, 2007, well outside the applicable limitations period.

Moreover, the Petitioner, in his petition filed on January 25, 2007, failed to provide any argument for tolling the statute of limitations nor did he offer any explanation for the delay in the filing of the petition. Rather, it is only on appeal to this Court after his petition has been dismissed that the Petitioner offers explanation as to his delay in the filing of his petition for post-conviction relief. An appellate court will not allow a party to raise an issue for the first time on appeal because such action denies the adversary opportunity to rebut the issue with evidence and argument. See Walsh v. State, 166 S.W.3d 641, 645 (Tenn. 2005) ("Issues not addressed in the post-conviction court will generally not be addressed on appeal."); State v. Adkisson, 899 S.W.2d 626, 635 (Tenn. Crim. App. 1994) ("[A] party will not be permitted to assert an issue for the first time in the appellate court."); see also T.C.A. § 40-30-110(f) ("There is a rebuttable presumption that a ground for relief not raised before a court of competent jurisdiction in which the ground could have been presented is waived."). Further, an appellate court is not the place for factual assertions. Factual assertions must be made and supported with admissible evidence before the trial court. The denial of access to the court system is a factual assertion which must be proven with evidence. To the extent that the Petitioner attempts to argue a factual basis to toll the statute of limitations, we decline to consider said argument because it is raised for the first time on appeal.

With consideration of the jurisdictional import of the timely filing of a petition for post-conviction relief, questions concerning the timeliness of a petition must be resolved before adjudication on the merits. See Antonio L. Saulsberry v. State, No. W2002-02538-CCA-R3-PC (Tenn. Crim. App., at Jackson, Feb. 9, 2004), perm. to appeal denied, (Tenn. Jun. 1, 2004) (citing T.C.A. § 40-30-102(b)). When a petitioner admits the lateness of a petition or otherwise offers argument for tolling the limitations period, the lower court should conduct a hearing regarding the timeliness of the petition. When, as in the instant case, a petitioner remains silent as to the timeliness of the petition, the petition is subject to summary dismissal. See Raymond Mitchell v. State, No. M2003-02063-CCA-R3-PC (Tenn. Crim. App., at Nashville, Sept. 17, 2004), perm. to appeal denied, (Tenn. Feb. 28, 2005) (citing T.C.A. § 40-30-106(b)(2003)("If it plainly appears from the face of the petition , . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition."); State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001) (compliance with statute of limitations is element of right to file petition for post-conviction relief; incumbent upon petitioner to allege either compliance with or tolling of limitations period)). The Petitioner may not circumvent the lower court's dismissal by alleging an exception to the limitations period for the first time on appeal.

Although the grounds raised by the Petitioner are ones cognizable in a post-conviction petition, the petition for post-conviction relief is time-barred. The Petitioner's post-conviction petition was not filed until January 25, 2007, well beyond the one-year statute of limitation. None of the statutory exceptions to the limitations period apply in the present case. See T.C.A. § 40-30-102(b)(1-3). Where there is no applicable exception, "the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period." T.C.A. § 40-30-102(a).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

CAMILLE R. MCMULLEN, JUDGE