# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs at Knoxville August 24, 2010

## TERESA RITA DAY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**Nos. 2005-C-2371, 2006-B-1448     Steve R. Dozier, Judge**

---

**No. M2009-01165-CCA-R3-PC - Filed October 15, 2010**

---

The *pro se* petitioner, Teresa Rita Day, appeals the post-conviction court's summary dismissal of her petition for post-conviction relief. Because the petition was untimely and the petitioner has not shown any reason that the statute of limitations should be tolled, we affirm the post-conviction court's summary dismissal of the petition as time-barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Teresa Rita Day, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS and PROCEDURAL BACKGROUND

On September 7, 2006, the petitioner pled guilty in the Davidson County Criminal Court to aggravated burglary and theft over $10,000 and was sentenced by the trial court as a Range III, persistent offender to concurrent terms of fifteen years for each offense. On February 19, 2009, the petitioner filed a *pro se* petition for post-conviction relief in which she alleged that her guilty pleas were rendered involuntary by the ineffective assistance of counsel, who failed to adequately investigate and prepare the case and to inform her of the full consequences of her pleas. On March 9, 2009, the post-conviction court summarily dismissed the petition on the basis that it was filed outside the one-year statute of limitations.

On May 19, 2009, the petitioner filed an untimely notice of appeal to this court.

## ANALYSIS

The State first argues that we should dismiss this appeal because it was filed over a month late and the petitioner provided no reason why the timely notice of appeal requirement should be waived. Rule 4 of the Tennessee Rules of Appellate Procedure provides that a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. Tenn. R. App. P. 4(a). The rules, however, provide that "in all criminal cases, the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Because the petitioner is *pro se* and her notice of appeal contains a certificate of service, sworn before a notary public, in which she asserts that she mailed copies of the notice of appeal on April 3, 2009, we have elected to waive the timely filing of the notice of appeal.

We agree with the State, however, that the post-conviction court properly dismissed the petition as untimely. Under the Post-Conviction Procedure Act of 1995, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2006).

The post-conviction statute contains a specific anti-tolling provision, stating:

> The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id. Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retrospective application; (2) when the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to be invalid. Id. § 40-30-102(b).

-2-

None of the above narrow exceptions exists in this case.  Moreover, the petitioner failed to allege or demonstrate the existence of any factors, such as mental incompetence during the relevant period, under which due process considerations would require that the statute of limitations be tolled.  See, e. g., State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001).

## **CONCLUSION**

We conclude that the petition for post-conviction relief was filed outside the one-year statute of limitations and that the petitioner has not shown any facts which would require that the statute of limitations be tolled.  Accordingly, we affirm the summary dismissal of the petition as time-barred.

_____
ALAN E. GLENN, JUDGE