# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STEVE ALLEN BRADEN v. STATE OF TENNESSEE

### Direct Appeal from the Criminal Court of Davidson County

### No. 2002-C-1395      J. Randall Wyatt, Jr., Judge

### No. M2011-01076-CCA-R3-CO - Filed November 9, 2011

The petitioner filed pro se a writ of error coram nobis regarding two convictions for aggravated assault. The trial court summarily denied relief and this appeal followed. We affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Steve Allen Braden, pro se, appellant.

Robert E. Cooper, Jr., Attorney General & Reporter; Mark A. Fulks, Senior Counsel; for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Steve Allen Braden ("the Petitioner") pled guilty on October 3, 2002, to two counts of aggravated assault and was sentenced pursuant to his plea agreement to concurrent terms of four years of probation after serving thirty-five days. On April 8, 2011, the Petitioner filed pro se a writ of error coram nobis, alleging that his pleas were not voluntary or knowing; that he received the ineffective assistance of counsel; and that his due process rights had been violated. He made these allegations all because he allegedly had not been informed that his convictions could be used to enhance later federal sentences. The trial court summarily denied relief on the basis that the pleading did not allege any newly discovered evidence and therefore did not state a cognizable claim for the writ. The trial court then elected to consider the pleading as a petition for post-conviction relief and found that it was time-barred. The

Petitioner appealed, and the State moved this Court to affirm the trial court's judgment pursuant to Rule 20, Rules of Court of Criminal Appeals.[1] The State's motion is well taken, and accordingly, we affirm the criminal court's judgment pursuant to Rule 20.

The relief obtainable pursuant to a writ of error coram nobis "shall be confined to errors dehors the record and to matters that were not or could not have been litigated on the trial of the case, on a motion for a new trial, on appeal in the nature of a writ of error, on writ of error, or in a habeas corpus proceeding." Tenn. Code Ann. § 40-26-105(b) (2006). The issue of whether the writ is available to a defendant who pleads guilty is currently before the Tennessee Supreme Court. See Terrence G. Motley v. State, No. W2010-02264-CCA-R3-CO, 2011 WL 5009863, at *2 (Tenn. Crim. App. Oct. 20, 2011) (citing Stephen Wlodarz v. State, No. E2008-02179-R11-CO, 2010 WL 1998766 (Tenn. Crim. App. May 19, 2010), perm. appeal granted (Tenn. Aug. 25, 2010).[2]

Assuming, *arguendo*, that such relief is available, a petition for a writ of error coram nobis still must be filed within one year of the underlying judgment becoming final. See Tenn. Code Ann. §§ 40-26-105(a); 27-7-103 (2000). The Petitioner filed his pleading more than eight years after the relevant judgments became final. Moreover, he offered the trial court no reasons to toll the statute of limitations. Therefore, we affirm the trial court's judgment summarily denying the Petitioner's claim for coram nobis relief.

As recognized by the trial court, the Petitioner's allegations are more in the nature of claims cognizable in a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-103 (2006). Accordingly, the trial court chose to analyze the Petitioner's allegations under the Post-Conviction Procedure Act. See Tenn. Code Ann. §§ 40-30-101 to -313 (2006 and Supp. 2011); Norton v. Everhart, 895 S.W.2d 317, 319 (Tenn. 1995) ("It is well settled that a trial

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

[2] This Court has previously indicated that coram nobis relief may be available to a defendant who pleads guilty where he provides newly discovered evidence that demonstrates he did not enter his plea knowingly and voluntarily. See Newsome v. State, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998).

court is not bound by the title of the pleading but has the discretion to treat the pleading according to the relief sought."). Claims for post-conviction relief, however, also must be filed within one year of the underlying judgments becoming final. Tenn. Code Ann. § 40-30-102(a) (2006). When a petition for post-conviction relief is untimely, the failure to set forth reasons for tolling the statute of limitations is fatal to the proceeding. See State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). The pleading filed by the Petitioner offered no grounds for tolling the one-year statute of limitations.[3] Therefore, the trial court committed no error in summarily dismissing the petition on this ground.

In conclusion, the Petitioner's pleading is untimely whether construed as a petition for a writ of error coram nobis or as a petition for post-conviction relief. Accordingly, we affirm the trial court's summary denial of relief pursuant to Rule 20, Rules of Court of Criminal Appeals.

_____
JEFFREY S. BIVINS, JUDGE

---

[3] Based upon our review of the record, we also are unable to determine independently that any of the statutory grounds are met for tolling the statute of limitations. See Tenn. Code Ann. § 40-30-102(b) (2006).