# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 4, 2011

## KONSTANTINOS DIOTIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-35627     Chris Craft, Judge**

_____

**No. W2011-00816-CCA-R3-PC  - Filed November 17, 2011**

_____

The petitioner, Konstantinos Diotis, appeals from the dismissal of his petition for post-conviction relief as time-barred.  In this appeal, the petitioner contends that application of the statute of limitations in his case is inappropriate because (1) the United States Supreme Court decision in *Padilla v. Kentucky*, __ U.S. __, 130 S. Ct. 1473 (2010), should be applied retroactively and (2) principles of due process require the tolling of the statute of limitations. The petitioner waived his claim of due process tolling by failing to present it to the post-conviction court.   Further, because we conclude that *Padilla* should not be applied retroactively, we affirm the judgment of the post-conviction court dismissing the petition as untimely.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Leslie I. Ballin and Richard S. Townley, Memphis, Tennessee, for the appellant, Konstantinos Diotis.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

From the facts averred in his January 2011 petition for post-conviction relief, we are informed the petitioner, a native citizen of Greece then holding lawful permanent resident status in the United States, pleaded guilty to misdemeanor possession of a controlled

substance in the Shelby County General Sessions Court on September 18, 2002. He was given a sentence of "approximately 28 days" and ordered to pay a $750 fine. Apparently as a result of his guilty plea and conviction, the petitioner "now faces adverse immigration consequences including, but not limited to, removal from the United States." Citing *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473 (2010), the petitioner asserted that his counsel's failure to inform him of the potential for deportation rendered his guilty plea unknowing and involuntary. The petitioner acknowledged that his petition was filed outside the one-year statute of limitations applicable to petitions for post-conviction relief, but he contended that his action was not time-barred because it fit within one of the statutory exceptions to the rule. Specifically, he claimed that *Padilla* recognized a new constitutional right requiring retroactive application. *See* T.C.A. § 40-30-102(b)(1) (2006).

In its response to the petition, the State asserted that retroactive application of the *Padilla* ruling was not warranted under the reasoning of *Teague v. Lane*, 489 U.S. 288 (1989). Because *Padilla* should not be applied retroactively, the State argued, the petition was time-barred.

The post-conviction court determined that retroactive application of *Padilla* was not warranted because the ruling neither placed conduct "beyond the power of the criminal law-making authority" nor represented a "watershed rule[] of criminal procedure." The court concluded that because retroactive application of *Padilla* was not warranted, the petitioner had "failed to satisfy any applicable exception" to the post-conviction statute of limitations.

In this appeal, the petitioner contends that *Padilla* recognized a new constitutional right not recognized at the time of his guilty plea and that the ruling should be applied retroactively. He also asserts, for the first time, that principles of due process require the tolling of the statute of limitations in his case. The State maintains that *Padilla* is not entitled to retroactive application and that the petitioner has waived his claim of due process tolling by raising the issue for the first time on appeal.

We need not tarry long over the petitioner's claim of due process tolling because he has presented the claim for the first time on appeal. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."); *see also State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) ("[I]t is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal."). As a result, the petitioner has waived our consideration of whether principles of due process require the tolling of the statute of limitations in this case.

Code section 40-30-102 also provides statutory exceptions to the statute of limitations:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [s]upreme [c]ourt establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b). The petitioner claims that the ruling in *Padilla* satisfies the requirements of Code section 40-30-102(b)(1) and that his petition, filed within one year of the *Padilla* ruling, is thus timely.

In *Padilla*, the United States Supreme Court concluded for the first time "that counsel must inform her client whether his plea carries a risk of deportation" and that the failure to do so is deficient performance under the standard announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1486 (2010). Recently, another panel of this court concluded that although *Padilla* established a new rule of law, *see Gerardo Gomez v. State*, No. E2010-01319-CCA-R3-PC, slip op. at 5 (Tenn. Crim. App., Knoxville, May 12, 2011), the ruling was not entitled to retroactive application because it did not "exempt those subject to deportation from the criminal lawmaking authority" and "was not a watershed rule of criminal procedure essential to the fairness of a proceeding," *id.*, slip op. at 6. We see no grounds to depart from this reasoning.

Because the ruling in *Padilla* is not entitled to retroactive application, the petitioner has failed to establish that his otherwise untimely petition for post-conviction relief fits within one of the statutory exceptions to the statute of limitations for filing a petition for post-conviction relief. Accordingly, the judgment of the post-conviction court summarily dismissing the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE