IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2014

**JAMES GLENN COLLINS, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Knox County**
**No. 101967       Mary Beth Leibowitz, Judge**

**No. E2013-01940-CCA-R3-PC - Filed August 14, 2014**

The Petitioner, James Glenn Collins, Jr., appeals as of right from the Knox County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred by dismissing his petition for having been untimely filed. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

James Glenn Collins, Jr., Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; and Randall Eugene Nichols, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In July 1986, the Petitioner pled guilty to four counts of armed robbery, two counts of grand larceny, and one count each of petit larceny, concealing stolen property, aggravated assault, and escape. All of the offenses occurred during the summer of 1985. The Petitioner received an effective sentence of forty-five years as a Range I, standard offender. The Petitioner did not file a direct appeal. In 2008, the Petitioner filed a petition for writ of habeas corpus which was summarily dismissed. This court affirmed the dismissal on direct appeal. See James Glenn Collins, Jr. v. Tommy Mills, Warden, No. W2008-00798-CCA-R3-HC, 2008 WL 5082906 (Tenn. Crim. App. Dec. 3, 2008) (memorandum opinion).

On July 22, 2013, the Petitioner filed the instant petition for post-conviction relief raising allegations similar to those found in his petition for writ of habeas corpus, including

deficiencies in the affidavits of complaint and arrest warrants, insufficiency of the evidence, invalidity of the guilty pleas, prosecutorial misconduct, and challenges to his sentences. For each of these issues, the Petitioner alleged that his trial counsel was ineffective for failing to spot and raise the stated issue. The Petitioner also raised several other claims of ineffective assistance of counsel.

Along with his petition, the Petitioner filed a motion to toll the one-year statute of limitations for seeking post-conviction relief. In the motion, the Petitioner alleged that he was mentally incompetent from the time of his guilty plea until the filing of the petition. The Petitioner alleged that he had been committed to Lakeshore Mental Health Institute (LMHI) twice as a child, that he was committed to a different hospital at the beginning of 1985, that he had been "under psychiatric care" and receiving anti-psychotic medication "throughout his incarceration," and that his previous petition for writ of habeas corpus had been written and filed for him by other inmates.

In support of his claims, the Petitioner attached extensive records from LMHI. The records show that from 1979 to 1981, the Defendant was twice placed at LMHI for what were described as "behavioral problems," such as being verbally and physically aggressive, being destructive, "unwilling to accept limits," and stealing. The Petitioner was given a primary diagnosis of "conduct disorder, undersocialized" and a secondary diagnosis of "mixed specific developmental disorder." However, the documents stated that at the time of his admission, the Petitioner had "average" intelligence as well as normal "thought processes," speech, memory, and attention span. The reports stated that no "delusions or hallucinations were noted" nor were any "disorders of consciousness apparent."

On appeal, the Petitioner contends that the post-conviction court erred in summarily dismissing his petition for being untimely filed. The Petitioner argues that the LMHI records were sufficient to make a prima facie showing of his mental incompetence. The State responds that nothing in the records "showed that [the Petitioner's] mental incapacity, if it ever existed, prevented him from raising his claim at a reasonable time or in a reasonable manner."

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final . . . ." Tenn. Code Ann. § 40-30-102(a). "[T]he right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period." Id. "If it plainly appears from the face of the

petition, any annexed exhibits or the prior proceedings in the case that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." Tenn. Code Ann. § 40-30-106(b).

The Post-Conviction Procedure Act provides three factual circumstances in which the statute of limitations may be tolled: (1) the claim is based upon a constitutional right "that was not recognized as existing at the time of trial, if retrospective application of that right is required"; (2) the claim is based upon "new scientific evidence" establishing the actual innocence of the petitioner; or (3) the claim seeks relief from a sentence that was enhanced based upon a previous conviction which was subsequently held to be invalid and the previous conviction "was not a guilty plea with an agreed sentence." Tenn. Code Ann. § 40-30-102(b). There is nothing in the record to suggest that any of these exceptions apply to the Petitioner's case.

In addition to the statutory circumstances listed above, our supreme court has held that due process may require tolling the statute of limitations. Whitehead v. State, 402 S.W.3d 615, 622-23 (Tenn. 2013). To date, our supreme court "has identified three circumstances in which due process requires tolling the post-conviction statute of limitations": (1) when the claim for relief arises after the statute of limitations has expired; (2) when the petitioner's mental incompetence prevents him from complying with the statute of limitations; and (3) when the petitioner's attorney has committed misconduct. Id. at 623-24. The Petitioner limits his due process claim to the issue of mental incompetence.

When a petition is filed outside the one-year statute of limitations, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing . . . [the] tolling of the statutory period" and failure "to include sufficient factual allegations . . . will result in dismissal." State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001). To make a prima facie showing of mental incompetence "a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities." Id. Mental illness "is not the equivalent of mental incompetence." Id. at 463. "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling." Id. at 464. A prima facie showing can be made by attaching to the petition medical reports or affidavits and depositions from mental health professionals, "family members, prison officials, attorneys, or any other person who has knowledge of facts that demonstrate either the petitioner's inability to manage his personal affairs or the petitioner's inability to understand his legal rights and liabilities." Id.

The Petitioner's motion and attached records failed to make a prima facie showing of mental incompetence sufficient to toll the statute of limitations. The attached records from LMHI were from several years prior to the Petitioner's offenses and showed that the

Petitioner had been placed at LMHI to address "behavioral problems." Nothing in the records suggested that the Petitioner was unable to manage his personal affairs or understand his legal rights and liabilities. In fact, the records stated that the Petitioner was of average intelligence; had normal "thought processes," speech, memory, and attention span; no "delusions or hallucinations were noted"; and no "disorders of consciousness [were] apparent." More importantly, the Petitioner did not present anything to support his claims that he had been committed months before the offenses or that he had been "under psychiatric care" and receiving anti-psychotic medication since his incarceration. Accordingly, we affirm the post-conviction court's summary dismissal of the petition.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE