IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2018

**MICHAEL D. WILLIAMS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-532      Steve R. Dozier, Judge**

_____

**No. M2017-01765-CCA-R3-PC**

_____

The Petitioner, Michael D. Williams, appeals from the post-conviction court's summary dismissal of his petition for post-conviction relief. The Petitioner argues, for the first time on appeal, that summary dismissal was improper because principles of due process require due process tolling. Upon review, we conclude that the Petitioner has waived his due process claim and affirm summary dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Elaine Heard, Nashville, Tennessee, for the Petitioner, Michael Dewayne Williams.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Glenn Funk, District Attorney General; and Katrin Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 13, 2010, the Petitioner was convicted by a jury of first degree murder and sentenced to life imprisonment. The Petitioner appealed his conviction, which was affirmed by this court. State v. Michael D. Williams, No. M2011-00433-CCA-R3-CD, 2012 WL 850702, *1 (Tenn. Crim. App. Mar. 13, 2012), no perm. app. filed. The Petitioner did not seek further review of his conviction, and the mandate issued on May 18, 2012. The record shows that on August 23, 2017, through appointed counsel, the Petitioner filed a petition for post-conviction relief arguing ineffective assistance of

counsel.[1]  The petition did not address timeliness or grounds for due process tolling.  By written order on August 31, 2017, the post-conviction court dismissed the petition.  The post-conviction court noted that the Petitioner had until May 18, 2013, to file for post-conviction relief.  However, the petition was not filed until August 23, 2017, over four years after the one-year limitations period expired, and no exceptions under the statute applied.  It is from this order that the Petitioner now appeals.

## ANALYSIS

The Petitioner argues that the post-conviction court erred in summarily dismissing his petition.  He contends, for the first time on appeal, that due process concerns require tolling of the statute of limitations.  The State argues, and we agree, that the post-conviction court properly dismissed the petition as untimely because the Petitioner failed to seek due process tolling and made no factual allegations in the petition addressing the issue.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final.  T.C.A. § 40-30-102(a).  The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity."  Id.  It also emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise."  Id.

We must dispense with the Petitioner's claim of due process tolling in short order because he has presented it for the first time on appeal.  See State v. Johnson, 970 S.W.2d 500, 508 (Tenn. Crim. App.1996) ("Issues raised for the first time on appeal are considered waived."); see also State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001) ("[I]t is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal."); John A. Jones v. State, No. E2015-01491-CCA-R3-PC, 2016 WL 3232508, at *2 (Tenn. Crim. App. June 3, 2016) (concluding that petitioner waived claim of due process tolling when he raised it for the first time on appeal); Konstantinos Diotis v. State, No. W2011-00816-CCA-R3PC, 2011 WL 5829580, at *2 (Tenn. Crim. App. Nov. 17, 2011) (same).  As a result, the Petitioner has

---

[1] Although described as an "amended" petition for post-conviction relief, no other petition is contained in the record or referenced by counsel or the post-conviction court.

- 2 -

waived our consideration of whether principles of due process require the tolling of the statute of limitations in this case. The post-conviction court properly dismissed the petition, and the Petitioner is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasoning and analysis, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE