# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT KNOXVILLE

## RANDALL TURNER v. STATE OF TENNESSEE

### Appeal from the Criminal Court for Hamilton County
### No. 278379      Don W. Poole, Judge

---

### No. E2011-00110-CCA-R3-PC - Filed June 13, 2011

---

Pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals, the State of Tennessee moves the court to summarily affirm the Hamilton County Criminal Court's summary dismissal of the petitioner's 2010 "Motion to Vacate Convictions." In the motion, the petitioner, Randall Turner, challenged his 2001 guilty-pleaded convictions of aggravated kidnapping, aggravated robbery, and first degree murder that culminated in an effective sentence of life without the possibility of parole. Because the "Motion to Vacate Convictions" appears in substance to be a proceeding brought pursuant to the Post-Conviction Procedure Act and because the Act requires such a proceeding to be brought within one year of the final action in the proceeding, the petitioner's motion is untimely by several years. Accordingly, we grant the State's Rule 20 motion and affirm the order of the criminal court.

### Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed
### Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Randall Turner, appellant, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Renee W. Turner, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

As part of Tennessee's post-conviction law, Tennessee Code Annotated section 40-30-102(a) provides:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

T.C.A. § 40-30-102(a) (2006). The provisions of subsections (b) and (c) do not avail the petitioner any relief from the one-year statute of limitations. He filed the instant motion in 2010 to challenge convictions that became final on April 14, 2001. The plain language of Code section 40-30-102(a) bars the claim.

We recognize that our courts have applied principles of due process of law to allow certain petitioners to overcome a statute-of-limitations bar. *See,* e.g., *Burford v. State*, 845 S.W.2d 204, 208 (Tenn.1992) ("[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner."). However, when, as is the case here, mental or psychological incompetence is claimed as the basis for a due process tolling of a post-conviction statute of limitations, "due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." *State v. Nix,* 40 S.W.3d 459, 463 (Tenn. 2001). Moreover, due process principles do not require tolling of the statute of limitations "upon the mere assertion of a psychological problem." *Id.* "Unsupported, conclusory, or

-2-

general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." *Id.* at 464.

The petitioner claims that he was prevented from filing his post-conviction proceeding sooner because "of the mind impairment medication Rispderdal and the adverse effect that Wellbutrin [had] when tak[en] with Risperdal." In his brief, he asserted, "Even after years after not taking those medications, [he] was still having problem[s] that [were] preventing him from articulat[ing] to the court his claims in any meaningful manner." In any event, the "Motion to Vacate Convictions" states only a conclusory basis for due process tolling. The claim was unsupported and is a "mere assertion of a psychological problem" that warranted summary dismissal of the motion as being barred by the statute of limitations for post-conviction proceedings.

Accordingly, the State's motion is granted, and the order of the criminal court is affirmed pursuant to this court's Rule 20.

_____
JAMES CURWOOD WITT, JR., JUDGE