# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 4, 2011

## STATE OF TENNESSEE v. SHAWN MERRITT

### Appeal from the Circuit Court for Tipton County
### No. 6147      Joseph H. Walker, Judge

### No. W2011-00662-CCA-R3-CD - Filed October 13, 2011

The petitioner, Shawn Merritt, appeals from the trial court's dismissal of his pro se petition to set aside his guilty pleas. In this appeal, the petitioner asserts that he should be permitted to withdraw his guilty pleas because the trial court failed to inform him of the lifetime supervision requirement attending his convictions of rape of a child, rendering his pleas involuntary. Discerning no error, we affirm.

### Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Shawn Merritt, Whiteville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; and D. Michael Dunavant, District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 5, 2009, the petitioner entered pleas of guilty to two counts of rape of a child and two counts of incest in exchange for a total effective sentence of 25 years' incarceration. Both judgments for the child rape convictions indicate that the petitioner is sentenced to lifetime community supervision following the expiration of his sentence by operation of law. *See* T.C.A. § 39-13-524. Nearly two years after his judgments became final, on March 3, 2011, the petitioner filed a pro se pleading to "Correct This Illegal Sentence and All[ow] Petitioner to Withdraw his Guilty Plea." In his petition, the petitioner alleged that his guilty pleas were not knowingly and voluntarily entered because neither the

trial court nor his trial counsel informed him of the lifetime community supervision requirement. Despite the title of his pleading, the petitioner did not actually allege any sentence illegality.

The trial court summarily dismissed the petition, finding that regardless of whether the pro se pleading was treated as a motion to withdraw the guilty pleas or as a petition for post-conviction relief, it was time-barred.

On appeal, the defendant again asserts that the trial court erred by failing to advise him of the lifetime supervision requirement and that the absence of advice regarding this facet of his convictions rendered his guilty pleas involuntary and unknowing and that, as a result, he should have been permitted to withdraw his pleas. Rule 32(f) of the Tennessee Rules of Criminal Procedure provides that the trial court "may grant a motion to withdraw a guilty plea for any fair and just reason" prior to sentence imposition and "may set aside the judgment of conviction and permit the defendant to withdraw the plea to correct manifest injustice" after sentence imposition but "before the judgment becomes final." Tenn. R. Crim. P. 32(f). "'As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed.'" *See State v. Thompson*, 285 S.W.3d 840, 852 (Tenn. 2009) (quoting *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)). Here, the defendant entered pleas of guilty and filed no post-trial motions; thus, the judgment became final 30 days after it was entered on March 5, 2009. Consequently, his petition seeking withdrawal of his guilty pleas filed nearly two years later was time-barred.

The petitioner's claim that his guilty pleas were not knowingly and voluntarily entered is most often raised via a petition for post-conviction relief. Unfortunately for the petitioner, however, construing his petition as one for post-conviction relief does not avail him of any relief because the one-year statute of limitations for filing a post-conviction petition is jurisdictional. *See* T.C.A. § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.* Because the petition was filed well outside the one-year statute of limitations and the petition contained no factual allegations that would support a claim of due process tolling, the petition is time-barred.

Additionally, the petitioner would not benefit from this court's treating the petition as a petition for a writ of habeas corpus because the petition does not comply with the procedural requirements for seeking habeas corpus relief, *see* T.C.A. § 29-21-105 to -107, and does not contain cognizable grounds for habeas corpus relief, *see, e.g.*, *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992) (holding that unlike a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments).

Finally, treating the petition simply as a motion to correct an illegal sentence would not avail the petitioner of appellate relief because there is no appeal as of right from the dismissal of such a motion. *See* Tenn. R. App. P. 3(b).

Accordingly, the judgment of the trial court summarily dismissing the petition is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE