# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 4, 2011

## TIMOTHY CASTERLOW v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 98-14186      James C. Beasley, Jr., Judge**

---

**No. W2011-00969-CCA-R3-PC  - Filed October 31, 2011**

---

The petitioner, Timothy Casterlow, appeals from the summary dismissal of his petition for post-conviction relief as time-barred.  In this appeal, he contends that principles of due process require the tolling of the statute of limitations.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Timothy Casterlow, Henning, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Shelby County Criminal Court jury convicted the petitioner of rape of a child, and the trial court imposed a sentence of 20 years' incarceration.  This court affirmed the petitioner's conviction and sentence via Rule 20 of the Rules of the Court of Criminal Appeals.  *See State v. Timothy Casterlow*, No. W2001-03112-CCA-R3-CD (Tenn. Crim. App., Jackson, Aug. 8, 2002) (Order), *perm. app. denied* (Tenn. Dec. 23, 2002) (*Casterlow I*).  Nearly six years later, on September 12, 2008, the petitioner filed a petition for writ of error coram nobis, claiming newly discovered evidence in the form of an affidavit from a nurse practitioner who examined the victim and a medical report created by the nurse after the petitioner's trial.  The trial court summarily dismissed the petition for writ of error coram nobis as time-barred, and this court affirmed the dismissal, concluding that the petitioner had

failed to establish circumstances warranting tolling of the coram nobis statute of limitations on due process grounds. *See Timothy Casterlow v. State*, No. W2008-02683-CCA-R3-CO (Tenn. Crim. App., Jackson, Sept. 18, 2009), *perm. app. denied* (Tenn. Feb. 22, 2010) (*Casterlow II*).

On March 1, 2011, the petitioner filed a petition for post-conviction relief, alleging that newly discovered evidence entitled him to a new trial, that he was deprived of the effective assistance of counsel, that the trial court erred by imposing a sentence beyond the presumptive sentence, and that the petition was timely when timed from the denial of discretionary appeal in the coram nobis proceeding or, alternatively, that principles of due process required the tolling of the one-year statute of limitations. The allegedly newly-discovered evidence propounded by the petitioner consisted of the same affidavit and medical report presented via the petition for writ of error coram nobis.

The post-conviction court summarily denied relief, holding that the petition was time-barred. The court concluded that the petitioner had erroneously relied upon the denial of permission to appeal in the coram nobis proceeding and that the petitioner had failed to state a colorable claim for relief. The court did not address the petitioner's claim of due process tolling. The petitioner filed a timely notice of appeal in this court.

In this appeal, the petitioner again asserts that his petition is timely because the supreme court's denial of his application for permission to appeal in the coram nobis action was the "final action" of the highest appellate court in his case. In the alternative, he contends that due process principles require tolling of the statute of limitations because his claim for relief did not arise until after the expiration of the limitations period. The State contends that summary dismissal was appropriate.

We need not tarry long over the petitioner's claim that his petition is timely vis-a-vis our supreme court's denial of his application for permission to appeal in the coram nobis proceeding. Tennessee Code Annotated section 40-30-102 provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a) (2006). This section refers to direct appeal immediately following the conviction and not to an appeal of any collateral attack filed in the case. The supreme court denied the petitioner's application for permission to appeal on direct appeal on December 23, 2002, *see Casterlow I*; thus, the one-year period for filing a petition for post-conviction relief expired on December 23, 2003. The instant petition, filed in 2011, was clearly untimely.

That being said, there are exceptions to the statute of limitations. Code section

40-30-102 provides that a petition may be filed outside the one-year limitations period if:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b). The petitioner contends that his petition is timely because the affidavit and medical report constitute new scientific evidence establishing his actual innocence of the offense. This is precisely the claim raised and rejected by this court in the coram nobis proceeding. There we concluded that although the potential evidence came to light only after the petitioner's trial, it appeared in his attorney's file as early as 2000 and could not, therefore, be described as newly-discovered. *Casterlow II*, slip op. at 2. We see no reason to depart from that reasoning now.

In addition to the statutory exceptions to the statute of limitations, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on the basis of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001).

Here, contrary to the State's assertion, the petitioner did allege in his original petition that "due process requires that the petitioner be afforded to prove his contentions." He reiterates the claim on appeal, stating that "the DUE PROCESS CLAUSES of the state and federal constitutions require that the claimant be given, 'a reasonable opportunity to have the claimed issue heard and determined.'" Other than his bare allegations that principles of due process require tolling the statute of limitations in this instance, the petitioner failed to include specific factual allegations to support his claim. Dismissal was appropriate on this basis alone.

Moreover, the record establishes, and our opinion in the coram nobis proceeding confirms, that the petitioner's attorney had access to the information as early as 2000. *See Casterlow II*, slip op. at 2. By his own admission, the petitioner obtained the file from his attorney in 2004. Despite having access to the information, the petitioner waited some seven years to file a post-conviction petition in this case. Because of this delay between his alleged discovery of the pertinent information and the filing of the petition for post-conviction relief, the petitioner has failed to establish that application of the statute of limitations to bar his claim prevents him from having his claim heard in a meaningful time or in a meaningful manner. We conclude, as we did in the coram nobis proceeding, that principles of due process do not require the tolling of the statute of limitations.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-