# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 19, 2012

## MICHAEL SMYTHE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Bedford County**
**No. 14142      Lee Russell, Judge**

---

**No. M2011-01577-CCA-R3-PC - Filed February 10, 2012**

---

The pro se petitioner, Michael Smythe, appeals the Bedford County Circuit Court's summary dismissal of his petition for post-conviction relief filed 14 years after the entry of his guilty-pleaded convictions of aggravated robbery and aggravated assault for which he received sentences of 17 years' and 6 years' incarceration. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JERRY L. SMITH and CAMILLE R. MCMULLEN, JJ., joined.

Michael Smythe, Clifton, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The record reflects that on May 19, 1997, the petitioner pleaded guilty in the Bedford County Circuit Court to one count of aggravated robbery and one count of aggravated assault and received sentences of 17 years' and 6 years' incarceration.[1] On May 9, 2011, the petitioner filed a petition for post-conviction relief alleging that his convictions violated double jeopardy principles. In support of tolling the statute of limitations, the petitioner alleged that "the sentence has not started." On June 3, 2011, the post-conviction

---

[1] It is not apparent from the record whether the sentences were to be served consecutively or concurrently.

court summarily dismissed the petition. The petitioner then sought a timely appeal to this court.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken." T.C.A. § 40-30-102(a) (2006). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met]."). Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001). Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal." *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality

of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

The petitioner filed his petition for post-conviction relief almost 14 years after the judgment became final in his case – well beyond the one-year statute of limitations. No statutory basis exists to excuse the untimely filing. *See* T.C.A. § 40-30-102(b)(1)-(3). Furthermore, the petition contains no factual basis to afford due process tolling of the statute of limitations. *See Nix*, 40 S.W.3d at 464. Accordingly, we affirm the post-conviction court's order summarily dismissing the petition.

_____
JAMES CURWOOD WITT, JR., JUDGE