# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
June 26, 2012 Session

## ROBERT KEITH WARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sevier County**
No. 16287-III    Rex Henry Ogle, Judge

---

**No. E2011-01835-CCA-R3-PC - Filed August 20, 2012**

---

Following his jury conviction of aggravated rape, the petitioner filed an untimely petition for post-conviction relief alleging that his conviction resulted from the ineffective assistance of counsel and that due process considerations should toll the statute of limitations. The post-conviction court ruled that the petitioner failed to establish a basis for due process tolling and summarily dismissed the petition. Discerning no error, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR. and CHARLES D. SUSANO, JR., JJ. joined.

Sally A Goade, Knoxville, Tennessee, for the appellant, Robert Keith Ward.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; and James B. Dunn, District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 2004, a Sevier County Criminal Court jury convicted the petitioner of the aggravated rape of his sister-in-law, and the trial court sentenced the defendant to 60 years' incarceration as a Range III persistent, violent offender. On direct appeal, this court affirmed the trial court's judgment. *State v. Robert K. Ward*, No. E2004-01665-CCA-R3-CD (Tenn. Crim. App., Knoxville, Dec. 29, 2005), *perm. app. denied* (Tenn. May 1, 2006). At trial, the victim testified that the defendant orally penetrated her vagina and digitally penetrated her vagina and anus forcibly, without her consent. *Id*., slip op. at 2. During the assault, the victim suffered "substantial bruising to her left eye and cheek bone, swelling on the left side of her face, an abrasion on her neck, a laceration on her elbow, and abrasion on her left arm,

a busted lip, and discoloration around her eyes." *Id*. In a statement to investigators, the defendant claimed that he was intoxicated at the time of the offense, and he characterized the sexual contact as consensual. *Id.*, slip op. at 3-4. He also, however, admitted his hurting the victim and his apologizing to her within minutes of the incident. *Id*.

On March 14, 2011, the petitioner filed a pro se petition for post-conviction relief alleging that trial counsel performed deficiently to his prejudice in not advising the petitioner of the elements of the charged offense in consideration of a plea offer, not challenging the search of his residence and the admissibility of blood evidence found during the search, and not devising an adequate defense strategy at trial. In the petition, the petitioner acknowledged the untimeliness of the petition but averred that due process considerations required the tolling of the statute of limitations, claiming that he suffered mental incompetence throughout the ensuing years of his incarceration. In an attached affidavit, the defendant specifically affirmed that he was "stabbed, raped, beaten and robbed" in 2004 and 2005. He further alleged that he was under a "great deal of stress" from assaults by cellmates even after being placed in protective custody. He claimed that from 2007 until 2010 he "struggl[ed] with emotional issues concerning his case and how to proceed legally." He also claimed that he had been diagnosed and treated for bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), attention deficit disorder ("ADD"), and obsessive compulsive disorder ("OCD"). He did not, however, include any supporting documentation of these allegations to his petition for relief.

On May 18, 2011, the post-conviction court ruled that the petitioner had failed to establish tolling of the limitations period and summarily dismissed the petition as time-barred. Following the post-conviction court's denial of a motion to reconsider, the petitioner filed an untimely notice of appeal to this court.[1]

As part of Tennessee's post-conviction law, Tennessee Code Annotated section 40-30-102(a) provides:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision

---

[1] Contrary to the State's assertion in its brief, the motion to reconsider did not toll the 30-day filing requirement of the notice of appeal in this case. Nevertheless, at oral argument, the petitioner requested and the State consented to this court's waiving the filing of a timely notice of appeal. *See* Tenn. R. App. P. 4.

otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

T.C.A. § 40-30-102(a) (2006). The provisions of subsections (b) and (c) do not avail the petitioner any relief from the one-year statute of limitations. The petitioner filed the instant post-conviction petition in 2011 to challenge a conviction that became final on May 1, 2006. The plain language of Code section 40-30-102(a), therefore, bars the claim.

We recognize that our courts have long applied principles of due process of law to allow certain petitioners to overcome a statute of limitations bar. *See, e.g.*, *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) ("[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner."). However, when, as is the case here, mental or psychological incompetence is claimed as the basis for a due process tolling of a post-conviction statute of limitations, "due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." *State v. Nix*, 40 S.W.3d 459, 463 (Tenn. 2001). Moreover, due process principles do not require tolling of the statute of limitations "upon the mere assertion of a psychological problem." *Id.* "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal." *Id* . at 464.

In the instant case, the petitioner alleged that in the intervening years between his conviction becoming final and his filing the petition, he suffered abuse and emotional stress while incarcerated. He claimed to suffer from bipolar disorder, ADHD, ADD, and OCD requiring medication. Such "mere assertion[s] of psychological problem[s]," however, are not sufficient to toll the limitations period. In any event, the petitioner also asserted that from 2007 until 2010, he "struggl[ed] with emotional issues concerning his case and how to proceed legally" – clearly evincing an awareness and understanding of his legal rights during that time period. Therefore, we conclude that the petitioner failed to establish a basis for tolling the statute of limitations, and the petition is time-barred.

Accordingly, the order of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE