# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

### RONALD L. TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Knox County**
No. 99397      Mary B. Leibowitz, Judge

---

**No. E2012-01217-CCA-R3-PC - Filed December 12, 2012**

---

On April 23, 2012, the petitioner, Ronald L. Taylor, filed *pro se* a petition for post-conviction relief challenging his 2005 conviction of aggravated assault.  The post-conviction court summarily dismissed the petition based, in part, upon the bar of the statute of limitations. The State has moved this court pursuant to this court's rule 20 to summarily affirm the post-conviction court's order of dismissal.  Because the record evinces no basis for tolling the statute of limitations and because the petition was untimely and barred by the statute, we grant the State's motion and affirm the post-conviction court's order.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed
Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Ronald L. Taylor, Coleman, Florida, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Jennifer L. Smith, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 2012, the petitioner filed a petition for post-conviction relief from his 2005 guilty-pleaded conviction of aggravated assault on grounds that, although his resulting three-year sentence was to be served concurrently with a federal sentence, the Tennessee sentence was served first, causing its service to be consecutive to the federal sentence.

Tennessee Code Annotated section 40-30-102 provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." T.C.A. § 40-30-102(a) (2006). The petitioner's guilty-pleaded conviction became final in 2005; thus, the instant petition, filed in 2012, was clearly untimely.

That being said, there are exceptions to the statute of limitations. Code section 40-30-102 provides that a petition may be filed outside the one-year limitations period if:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

*Id.* § 40-30-102(b).

In addition to the statutory exceptions to the statute of limitations, due process principles may, in limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on the basis of principles of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include

sufficient factual allegations . . . will result in dismissal." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001).

The petition in the present case alleges no basis for applying a statutory exception to the one-year statute of limitations and no basis for tolling the running of the statute on due process grounds. Accordingly, we affirm the order of the post-conviction court.

We note that, inasmuch as the petitioner has alleged that his guilty-pleaded conviction is void due to the practical failure of the concurrent service of his sentence with a federal sentence, he may be able to state a claim for habeas corpus relief which is not limited by a statute of limitations.

_____
JAMES CURWOOD WITT, JR., JUDGE