IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 19, 2015


**NATHAN YOUNG PAYNE v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Hamilton County
No. 286706     Don W. Poole, Judge**

_____

**No. E2014-01553-CCA-R3-PC – Filed September 23, 2015**

_____


Petitioner, Nathan Young Payne, appeals the dismissal of his motion to withdraw his guilty plea, which the lower court subsequently treated as a petition for post-conviction relief.  Because Petitioner has not proven that due process requires tolling of the statute of limitations for post-conviction purposes, the decision of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, and Keith A. Black (at post-conviction hearing), Chattanooga, Tennessee, for the appellant, Nathan Young Payne.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; William H. Cox III, District Attorney General; and Charles D. Minor, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

*Facts and Procedural History*

After the passage of over ten years since his conviction for Rape, Petitioner has determined that he was not fully apprised of his due process rights when he pled guilty in 2000.

On November 21, 2000, Petitioner pled guilty to rape, a Class B felony, and received an eight-year sentence of intensive probation. However, the judgment form did not indicate that Petitioner was also subject to lifetime community supervision as required by statute. Almost seven years later, upon motion by the State, the trial court entered an amended judgment containing the lifetime community supervision requirement.[1]

On February 21, 2011, Petitioner filed a motion to withdraw his guilty plea, pursuant to Tennessee Rule of Criminal Procedure 32(f)(2), claiming that his constitutional due process rights were violated because he was not informed that lifetime community supervision was a consequence of his plea and because he was not notified of the entry of the amended judgment. The State filed a response, arguing that Petitioner's motion was untimely as a motion to withdraw his guilty plea or as a petition for post-conviction relief.

After a purported hearing on November 29, 2012, the post-conviction court entered an order, on January 30, 2013, in which it concluded that it did not have jurisdiction over Petitioner's motion to withdraw his guilty plea because it was untimely. However, the court decided to treat the motion as a petition for post-conviction relief and took the matter under advisement pending our supreme court's decision in *Bush v. State*, 428 S.W.3d 1 (Tenn. 2014), on the issue of whether its holding in *Ward v. State*, 315 S.W.3d 461 (Tenn. 2010), was retroactively applicable for purposes of post-conviction relief.

After *Bush* was decided, the post-conviction court entered an order, on July 7, 2014, dismissing Petitioner's converted petition for post-conviction relief. The court concluded that due process did not necessitate tolling of the post-conviction statute of limitations in this case because Petitioner failed to diligently pursue his post-conviction claim after learning that he was required to submit to lifetime community supervision. Specifically, the court found that Petitioner's "testimony dating his discovery of the 13 July 2007 amendment of the judgment to the end of 2007 or the beginning of 2008, establishes that he did have a reasonable opportunity to challenge the amendment or the voluntary or intelligent nature of his guilty pleas before he did so in February 2011 . . . ." Petitioner filed a timely notice of appeal.

*Analysis*

---

[1] The certified technical record does not contain a copy of either of these judgment forms. However, the State attached copies to its response. Both parties appear to agree to these facts.

Petitioner contends that the post-conviction court erred in dismissing his converted petition for post-conviction relief and asks this Court to remand for an additional hearing on the issue of due process tolling of the statute of limitations. Petitioner reasons that "aside from the length of time between discovery [of the amended judgment] and the filing of Petitioner's [motion to withdraw his guilty plea], the [post-conviction] court did not in its order cite any additional specific explanation of its reasoning for the conclusion that the Petitioner had not been diligently pursuing his rights."[2] The State argues that dismissal of the petition was proper and that no remand is required.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petition for post-conviction relief must be filed within one year of the date on which the judgment became final if no direct appeal was taken. T.C.A. § 40-30-102(a). Our legislature emphasized the fact that "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id.*, and provided only three narrow exceptions to the statute of limitations: (1) a new constitutional right with retrospective application; (2) new scientific evidence establishing actual innocence; and (3) the invalidation of convictions underlying an enhanced sentence. T.C.A. § 40-30-102(b).

However, the constitutional right to due process may necessitate tolling the statute of limitations in certain circumstances outside of the enumerated statutory exceptions. *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). Our supreme court has held:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

*Seals*, 23 S.W.3d at 277-78 (quoting *Burford*, 845 S.W.2d at 207). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush*, 428 S.W.3d at 22 (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)). Thus far, our supreme court has identified only three instances in which due process requires

---

[2] Appellant does not contest the lower court's decision to convert his original motion to withdraw his guilty plea to a petition for post-conviction relief. Therefore, we will not consider the merits of that issue.

tolling of the post-conviction statute of limitations: (1) where the basis for post-conviction relief arises after the statute of limitations has expired; (2) where a petitioner's mental incompetence prevented compliance with the statute of limitations; and (3) where attorney misconduct prevents compliance with the statute of limitations. *Whitehead*, 402 S.W.3d at 623-24. The petitioner bears the burden of pleading and proving that the statute of limitations should be tolled on due process grounds. *See* Tenn. Sup.Ct. R. 28, § 5(F)(4) ("A petition may be dismissed without a hearing if it . . . does not state the reasons that the claim is not barred by the statute of limitations."); *see also State v. Nix*, 40 S.W.3d 459, 464-65 (Tenn. 2001). "Whether due process considerations require tolling of a statute of limitations is a mixed question of law and fact, which we review de novo with no presumption of correctness." *Smith v. State*, 357 S.W.3d 322, 355 (Tenn. 2011) (quoting *Harris v. State*, 301 S.W.3d 141, 145 (Tenn. 2010)).

In *Ward*, our supreme court held that "trial courts have an affirmative duty to ensure that a defendant is informed and aware of the lifetime supervision requirement[, when applicable,] prior to accepting a guilty plea." 315 S.W.3d at 476. In *Bush*, it determined that the rule announced in *Ward* is not retroactively applicable. 428 S.W.3d at 20-21. However, the court suggested that the statute of limitations might be tolled on due process grounds when appropriate to permit a claim for post-conviction relief based on ignorance of the lifetime community supervision requirement. *See id.* at 21-23. In that case, though, the court held that due process did not require tolling of the statute of limitations because the petitioner waited over six years before filing a post-conviction petition after learning of the lifetime community supervision component of his sentence. *Id.* at 23.

We agree with the post-conviction court that this case is indistinguishable from *Bush*. Although the record does not contain a transcript of the proceedings before the post-conviction court, the court's July 7, 2014 order contains a specific finding that Petitioner admitted that he learned of the amended judgment and the lifetime supervision requirement in 2007 or 2008, several years before he initiated relief proceedings in 2011. "It is the duty of the appellant to prepare a record which conveys a fair, accurate, and complete account of what transcribed in the trial court with respect to the issues which form the basis of the appeal." *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) (citing Tenn. R. App. P. 24(b)). Consequently, "[i]n the absence of an adequate record on appeal, this [C]ourt must presume that the trial court's rulings were supported by sufficient evidence." *Id.* (citing *Vermilye v. State*, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)). Given the dearth of evidence in this record, we find no evidence to preponderate against the factual findings of the post-conviction court. Petitioner had not met his burden of proving by clear and convincing evidence that the statute of limitations should be tolled on due process grounds. *See Nix*, 40 S.W.3d at 464-65 (citing T.C.A. § 40-30-210(f)). Accordingly, Petitioner is not entitled to relief on appeal.

*Conclusion*

Because Petitioner has not proven that due process requires tolling of the post-conviction statute of limitations, the dismissal of Petitioner's converted petition for post-conviction relief is affirmed.

_____
TIMOTHY L. EASTER, JUDGE