IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2020

## DEDRICK WIGGINS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 14-01751      Chris Craft, Judge
_____

### No. W2020-00095-CCA-R3-PC
_____

The Petitioner, Dedrick Wiggins, appeals the dismissal of his petition for post-conviction relief in which he challenged his convictions for two counts of second degree murder and three counts of being a convicted felon in possession of a firearm. On appeal, the Petitioner challenges the post-conviction court's dismissal of the petition as filed outside the one-year statute of limitations. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Dedrick Wiggins, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

The Petitioner was charged with first degree premeditated murder, felony murder, and three counts of being a convicted felon in possession of a firearm as a result of the shooting death of Mr. Larry Richards on November 6, 2013. *See State v. Dedrick Wiggins*, No. W2017-00926-CCA-R3-CD, 2018 WL 3815061, at *1 (Tenn. Crim. App. Aug. 8, 2018). Following a jury trial, the Petitioner was convicted of two counts of second degree murder, and he subsequently pled guilty to the three firearm charges. *Id.*

at *5.  At the sentencing hearing, the trial court merged the two second degree murder convictions and imposed an effective sentence of thirty-five years for all the convictions. *Id.*  On August 8, 2018, this court affirmed the trial court's judgments on direct appeal. *Id.* at *1.  The Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court.  The mandate was issued on October 12, 2018.

The Petitioner subsequently filed a pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel at trial.  The petition was stamped filed by the trial court clerk on November 14, 2019.  According to the certificate of service, the Petitioner stated that he provided the petition to prison staff for mailing on September 6th.  In the petition, he listed the date of the result of his appeal from this court as October 12, 2018, and he did not respond to the request in the form petition for information regarding why the statute of limitations should not bar his claim.

On December 3, 2019, the post-conviction court entered an order dismissing the petition as untimely filed.  The court noted that the petition was stamped as received by the prison on October 23rd and that while the Petitioner asserted that he submitted the petition on September 6th, his statement and signature were not sworn to or notarized. The court concluded that even if the court considered the petition as filed on September 6th, the petition was still filed outside the one-year statute of limitations.  On January 16, 2020, the Petitioner filed an untimely pro se notice of appeal and a request for this court to accept the untimely notice of appeal, which this court granted.

## ANALYSIS

On appeal, the Petitioner asserts that his post-conviction petition was timely filed because he filed it within one year from the issuance of the mandate.  The State responds that the statute of limitations began to run on the date in which this court issued its opinion on direct appeal and that as a result, the Petitioner's petition was untimely.  We agree with the State.

A petitioner may request post-conviction relief by alleging that his "conviction or sentence is void or voidable because" it abridged his constitutional rights provided by the Tennessee or the United States Constitutions.  T.C.A. § 40-30-103.  A post-conviction relief petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred."  T.C.A. § 40-30-102(a).  The limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity."  *Id.*  Three statutory exceptions permit otherwise time-barred claims to be filed; those claims involve new constitutional rights requiring retroactive application,

new scientific evidence establishing actual innocence, and sentences enhanced by subsequently overturned convictions. T.C.A. § 40-30-102(b). Our courts also have recognized that under some circumstances, due process may require the statute of limitations be tolled. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001).

The Petitioner maintains that on September 6, 2019, he provided his petition to a prison official for mailing but that the prison official failed to mail the petition until October 23rd. *See* Tenn. S. Ct. R. 28, § 2(G) (providing that when a post-conviction petition is "prepared by or on behalf of a pro se petitioner incarcerated in a correctional facility" and the petition is "is not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing"); *see also* Tenn. R. Crim. P. 49(d)(1). However, even if September 6th is considered the date in which the petition was filed, this filing date still falls outside the one-year statute of limitations. This court previously has recognized that when a petitioner does not file an application for permission to appeal to the Tennessee Supreme Court following a decision by this court on direct appeal, the statute of limitations begins to run for purposes of filing a petition for post-conviction relief on the date on which this court issues its opinion on direct appeal and not the date on which the mandate is issued. *See, e.g. Jonathan Adams v. State*, No. E2012-00297-CCA-R3-PC, 2013 WL 1187654, at *5 (Tenn. Crim. App. Mar. 21, 2013); *David Lackey v. State*, No. M2004-00558-CCA-R3-PC, 2005 WL 1303124, at *2 (Tenn. Crim. App. May 31, 2005). Thus, "the date of the final action of the highest state appellate court to which an appeal [was] taken" was on August 8, 2018, when this court issued an opinion affirming the trial court's judgments, and the Petitioner filed his post-conviction petition outside the one-year statute of limitations. *See* T.C.A. § 40-30-102(a).

In his reply brief, the Petitioner argues for the first time that he is entitled to due process tolling of the statute of limitations, alleging that his trial counsel represented that he would file an application for permission to appeal to the Tennessee Supreme Court and that the Petitioner had until September 6, 2019, in which to file a post-conviction petition. However, the Petitioner waived this issue by failing to raise it in the post-conviction court. *See, e.g., Michael D. Williams v. State*, No. M2017-01765-CCA-R3-PC, 2018 WL 2725497, at *1 (Tenn. Crim. App. June 6, 2018) (concluding that the petitioner waived his claim of due process tolling by raising it for the first time on appeal); *John A. Jones, III, v. State*, No. E2015-01491-CCA-R3-PC, 2016 WL 3232508, at *2 (Tenn. Crim. App. June 3, 2016) (same); *see also State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001) (stating that "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period" and that the "[f]ailure to include sufficient factual allegations of either compliance with the statute

or [circumstances] requiring tolling will result in dismissal"), *abrogated on other grounds by Reid ex rel. Martiniano v. State*, 396 S.W.3d 478, 512 (Tenn. 2013).

## CONCLUSION

Based upon the record, the parties' briefs, and the applicable law, we affirm the post-conviction court's dismissal of the petition.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE